PEOPLE v BROWN

Docket No. 137822. Submitted November 4, 1992, at Grand Rapids. Decided December 8, 1992, at 10:00 A.M.

Ben Brown, Jr., was convicted by a jury in the Kent Circuit Court, Dennis B. Leiber, J., of first-degree criminal sexual conduct on the basis of findings that he used force or coercion in sexually penetrating a woman who had been kidnapped and raped by others and that he inflicted personal injury on the victim. The defendant appealed.

The Court of Appeals *held:*

1. In responding to a question posed by the jurors after they commenced deliberations, the trial court did not err in instructing them that proof of the element of force or coercion did not require evidence that the defendant was aware of the result of his actions on the victim. First-degree criminal sexual conduct is a crime of general intent; proof of specific intent to cause bodily injury or mental anguish is not required.

2. The prosecution presented sufficient evidence of force or coercion by the defendant and of injury and emotional trauma inflicted by the defendant on the victim.

Affirmed.

RAPE — FIRST-DEGREE CRIMINAL SEXUAL CONDUCT — FORCE OR COERCION — INTENT.

First-degree criminal sexual conduct is a crime of general intent; where a prosecution is based on the use of force or coercion for sexual penetration resulting in personal injury to the victim, proof of specific intent to cause bodily injury or mental anguish is not required (MCL 750.520b[1][f]; MSA 28.788[2][1][f]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *William A. Forsyth,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

REFERENCES

Am Jur 2d, Criminal Law §§ 129, 130; Rape § 22.
See the ALR Index under Criminal Law; Rape.

*David A. Dodge* and *Frank Stanley,* for the defendant.

Before: HOOD, P.J., and SAWYER and JANSEN, JJ.

PER CURIAM. Defendant was convicted, following a jury trial, of first-degree criminal sexual conduct, MCL 750.520b(1)(f); MSA 28.788(2)(1)(f) (force or coercion used to accomplish sexual penetration, personal injury inflicted). He appeals as of right. We affirm.

Defendant first argues that the trial court gave an erroneous instruction regarding the element of "force or coercion" in response to questions from the jury. We disagree.

During deliberations, the jury asked for a definition of the term "force or coercion" and for the elements of the crime. In response, the court reread the instructions it had given earlier. Later, the jury asked: "In regard to the definition of force or coercion, does there have to be evidence that the defendant was aware of the result of his actions on the victim?" The court, over defendant's objection, answered "no." The court stated that the question meant whether defendant must have intended to cause bodily injury or mental anguish when he used force or coercion to accomplish sexual penetration of the victim. The court ruled that no such intent was required because the crime was one of general intent.

Defendant, although agreeing that the crime is one of general intent, speculates whether the jury may have wanted to know whether the element of force or coercion requires knowledge, i.e., whether a defendant must knowingly use force or coercion.

Defendant's speculation with regard to what may have been in the jurors' minds is unsupported by the record. The jury did not seek clarification of

the judge's answer or ask any additional questions. Further, because the crime is one of general intent, the answer would still be "no," because no knowledge is required for the element of force or coercion. *People v Langworthy,* 416 Mich 630, 643-645; 331 NW2d 171 (1982).

Defendant next argues that there was insufficient evidence of force or coercion. Again, we disagree.

"Force or coercion *includes but is not limited to*" physical force or violence, threats of force, threats of retaliation, inappropriate medical treatment, or concealment or surprise. MCL 750.520b(1)(f); MSA 28.788(2)(1)(f). Force or coercion is not limited to physical violence but is instead determined in light of all the circumstances. *People v Makela,* 147 Mich App 674, 682; 383 NW2d 270 (1985); *People v McGill,* 131 Mich App 465, 472-476; 346 NW2d 572 (1984).

Viewing the evidence in the light most favorable to the prosecution, it is clear that defendant used force or coercion upon the victim. Defendant, after giving some money to the man who brought the victim into a house, had sex with her. He found her sitting in a bedroom, alone, naked, and crying. He disregarded her requests to go home and her statements that she did not want to be there and did not want to have intercourse. Defendant's assertion that he did not know that the victim had been kidnapped and raped by her kidnapper and by other men in the house is not sufficient to negate the fact that he forced himself upon her in a situation where her lack of consent and physical helplessness were clear. *People v Jansson,* 116 Mich App 674, 679, 682-684; 323 NW2d 508 (1982); see also *Makela, supra* at 677-678, 682. There was sufficient evidence for the jury to find the element

of force or coercion proved beyond a reasonable doubt.

Lastly, defendant argues that there is insufficient evidence that the victim's personal injury and emotional trauma was caused by him rather than by the man who kidnapped her or by the other men who raped her. He argues that he did not cause the personal injury suffered by the victim, and therefore he could not be convicted of first-degree criminal sexual conduct. Under defendant's theory, the most he could be convicted of is third-degree criminal sexual conduct.

Personal injury is defined as "bodily injury, disfigurement, mental anguish, chronic pain, pregnancy, disease, or loss or impairment of a sexual or reproductive organ." MCL 750.520a(j); MSA 28.788(1)(j). Defendant does not dispute that the victim suffered personal injury, but argues that there was no proof that he caused it. Once again, we disagree.

Surprisingly, we have found no reported cases in which this proposition has been addressed. We note that this is not a situation where various defendants acted in concert and therefore may be held liable for each other's acts under an aiding and abetting theory. In considering this matter, we observe that a defendant "takes his victim as he finds [her]" and therefore any special susceptibility of the victim to the injury at issue does not constitute an independent "cause" exonerating defendant. See *People v Webb*, 163 Mich App 462, 465; 415 NW2d 9 (1987) (foreseeable intervening events do not break chain of causation); see also *People v Flenon*, 42 Mich App 457, 459-462; 202 NW2d 471 (1972) (foreseeable ordinary negligence in medical treatment did not break chain of causation). In this case, defendant "found" his victim distraught, upset, and crying. She continued in this state

during and after defendant's assault, stating that she did not want to have intercourse and wanted to go home.

As pointed out by the prosecution, the statute does not require that defendant be the sole cause of the victim's injury. See MCL 750.520b(1)(f); MSA 28.788(2)(1)(f). Defendant does not dispute that the victim was upset and crying when he found her. She testified that she continued to cry during and after defendant's assault, and her testimony concerning that assault was appallingly graphic. Viewing this evidence in the light most favorable to the prosecution, we conclude that defendant's argument fails. There was sufficient evidence from which the jury could find beyond a reasonable doubt that defendant himself inflicted personal injury upon his victim. Although the amount may be undetermined or even arguably undeterminable, defendant was the cause of some part of the victim's total injury. That is sufficient.

Affirmed.