## PEOPLE v MALKOWSKI

Docket No. 137534. Submitted January 13, 1993, at Detroit. Decided March 15, 1993, at 9:10 A.M.

Lee R. Malkowski was convicted by a jury in the Recorder's Court for the City of Detroit, Clarice Jobes, J., of two counts of assault with intent to commit criminal sexual conduct and one count of felonious assault. He then pleaded guilty of being an habitual offender, fourth offense, and was sentenced to five to twenty years' imprisonment. He appealed.

The Court of Appeals *held:*

1. A single act of penetration, as occurred in this case, cannot result in more than one conviction even though the act is accompanied by more than one of the special circumstances outlined in MCL 750.520b(1); MSA 28.788(2)(1). The defendant's conviction, under count I, of assault with intent to commit criminal sexual conduct involving penetration accomplished through the use of force or coercion must be vacated. The conviction, under count II, of assault with intent to commit criminal sexual conduct involving penetration of a physically helpless victim is affirmed.

2. There was sufficient evidence to satisfy the element of force or coercion with regard to count I. The trial court properly denied the defendant's motion for a directed verdict with regard to that count.

3. Although the defendant bit the victim, his teeth are not a dangerous weapon for purposes of the felonious assault statute. Therefore, the felonious assault conviction, under count III, must be vacated because there is no evidence that he used a dangerous weapon.

4. Because one of the defendant's convictions of assault with

REFERENCES

Am Jur 2d, Assault and Battery §§ 42, 53, 55, 56; Criminal Law §§ 20, 21; Rape §§ 3, 4, 20, 22.

Parts of the human body, other than feet, as deadly or dangerous weapons for purposes of statutes governing aggravating offenses such as assault and robbery. 8 ALR4th 1268.

What constitutes penetration in prosecution for rape or statutory rape. 76 ALR3d 163.

intent to commit criminal sexual conduct, count II, must be affirmed, his habitual offender conviction is valid.

5. The court did not abuse its discretion in sentencing the defendant. The sentence does not violate the principle of proportionality.

6. By failing to challenge his scoring under the sentencing guidelines in the trial court, the defendant waived appellate review of his claim that the trial court incorrectly scored his sentence.

Affirmed in part and vacated in part.

SHEPHERD, J., dissenting in part, stated that the case should be remanded for resentencing on the basis that the sentence imposed was appropriate when the defendant stood convicted of all three counts in this case. Now, however, he stands convicted of only one of those counts.

1. RAPE — CRIMINAL SEXUAL CONDUCT — ASSAULT WITH INTENT TO COMMIT CRIMINAL SEXUAL CONDUCT — SINGLE ACT OF PENETRATION — MULTIPLE CONVICTIONS.

A single act of sexual penetration cannot result in more than one conviction of assault with intent to commit criminal sexual conduct involving penetration even though the act is accompanied by more than one of the special circumstances outlined in the statute regarding first-degree criminal sexual conduct (MCL 750.520b[1], 750.520g[1]; MSA 28.788[2][1], 28.788[7][1]).

2. RAPE — CRIMINAL SEXUAL CONDUCT — FORCE OR COERCION.

The existence of force or coercion for purposes of a charge of criminal sexual conduct accomplished through the use of force or coercion is to be determined in light of all the circumstances and is not limited to acts of physical violence; force or coercion includes, but is not limited to, physical force or violence, threats of force, threats of retaliation, inappropriate medical treatment, or concealment or surprise (MCL 750.520b[1][f]; MSA 28.788[2][1][f]).

3. CRIMINAL LAW — FELONIOUS ASSAULT — DANGEROUS WEAPONS — TEETH.

A person's teeth are not a dangerous weapon for purposes of the felonious assault statute (MCL 750.82; MSA 28.277).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Carolyn*

*Schmidt,* Assistant Prosecuting Attorney, for the people.

*Neil J. Leithauser,* for the defendant on appeal.

Before: GRIFFIN, P.J., and SHEPHERD and FITZGERALD, JJ.

GRIFFIN, P.J. Defendant was charged with two counts of first-degree criminal sexual conduct, count I alleged violation of MCL 750.520b(1)(f); MSA 28.788(2)(1)(f) and count II alleged violation of MCL 750.520b(1)(g); MSA 28.788(2)(1)(g), and one count, count III, of felonious assault, MCL 750.82; MSA 28.277. Following a jury trial, defendant was convicted of felonious assault, count III, and two counts of assault with intent to commit criminal sexual conduct, MCL 750.520g(1); MSA 28.788(7)(1), with regard to counts I and II. Defendant subsequently pleaded guilty of being an habitual offender, fourth offense, MCL 769.12; MSA 28.1084, and was sentenced to five to twenty years in prison. Defendant appeals his convictions as of right. We affirm in part and vacate in part.

I

Defendant first contends that he cannot properly stand convicted of two counts of assault with intent to commit criminal sexual conduct. The basis for this argument is that a single act of penetration cannot properly result in more than one conviction even though the act is accompanied by more than one of the special circumstances outlined in MCL 750.520b(1); MSA 28.788(2)(1). *People v Johnson,* 406 Mich 320, 331; 279 NW2d 534 (1979). With regard to this issue, the prosecutor concedes error. Accordingly, we vacate defen-

dant's conviction under count I for assault with intent to commit criminal sexual conduct.[1]

## II

Defendant next contends that he was entitled to a directed verdict with regard to count I because there was insufficient evidence of force or coercion. We disagree. Force or coercion includes, but is not limited to, physical force or violence, threats of force, threats of retaliation, inappropriate medical treatment, or concealment or surprise. *People v Brown,* 197 Mich App 448; 495 NW2d 812 (1992). The existence of force or coercion is to be determined in light of all the circumstances and is not limited to acts of physical violence. *Id.* Here, the victim testified that after he was drugged, he awoke to find his pants pulled down around his ankles and the defendant on the victim's back with his penis penetrating the victim's buttocks. The victim immediately told the defendant to get off him and the defendant refused, telling the victim "you like it." A struggle then ensued, during which the victim reached up behind him and pulled out some of the defendant's hair. The defendant then bit the victim on the back. Viewing this evidence in a light most favorable to the prosecution, *id.,* we conclude that it was more than sufficient to satisfy the element of force or coercion. Defendant's motion for a directed verdict regarding count I was properly denied.

## III

For his third issue, defendant contends that the evidence at trial was insufficient to convict him of

---

[1] We reject defendant's position on appeal that he is entitled to reversal of both convictions.

felonious assault. We agree. The elements of felonious assault are (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery. *People v Wardlaw,* 190 Mich App 318, 319; 475 NW2d 387 (1991). In the present case, the claimed dangerous weapon was the defendant's teeth, which he used to bite the victim on the back. We are not aware of any Michigan authority that holds that teeth are dangerous weapons, unless they belong to a dog. See *People v Kay,* 121 Mich App 438, 443; 328 NW2d 424 (1982). We conclude that a defendant's teeth are not dangerous weapons for the same reasons that his bare hands are not. *People v VanDiver,* 80 Mich App 352, 356-357; 263 NW2d 370 (1977). Our holding is consistent with the great weight of authority from other jurisdictions, which holds that parts of the human body alone cannot constitute a deadly or dangerous weapon. See *Commonwealth v Davis,* 10 Mass App 190; 406 NE2d 417 (1980), and anno: *Parts of the human body, other than feet, as deadly or dangerous weapons for purposes of statutes aggravating offenses such as assault and robbery,* 8 ALR4th 1268. Accordingly, we vacate defendant's conviction of felonious assault, count III. In view of our resolution of this issue, we need not address defendant's claim that his felonious assault conviction violates double jeopardy.

IV

Defendant next contends that his habitual offender conviction must be reversed. We disagree. Defendant's argument is premised on the assumption that all three of his convictions stemming from the sexual assault are invalid. Defendant, however, stands convicted of one count of assault

with intent to commit criminal sexual conduct. Accordingly, this argument lacks merit.

V

In issue number five, defendant contends that his five- to twenty-year sentence is excessive and violates the principle of proportionality. We disagree. Defendant's minimum sentence exceeds the high end of the guidelines' range for the underlying offense by twelve months. We acknowledge that even though the sentencing guidelines do not apply to habitual offender convictions, the guidelines for the underlying offense are nonetheless a useful reference point for the fashioning of proportionate habitual offender sentences. See *People v Williams,* 191 Mich App 685, 687; 479 NW2d 36 (1991). In the present case, the trial court was urged to stay within the guidelines for the underlying offense but declined to do so given the serious and violent nature of the crime. In particular, the court emphasized that the teen-age victim had been surreptitiously drugged before the assault. The court did not abuse its sentencing discretion, and we find no violation of the principle of proportionality. *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990).

VI

For his final issue, defendant contends that his minimum sentence actually exceeds the guidelines by more than a factor of three because his prior felony convictions were improperly scored. Defendant, however, raised no challenge to the scoring below, and the issue is therefore not preserved for appellate review. MCR 6.429(C); *People v Kaczorowski,* 190 Mich App 165, 173; 475 NW2d 861 (1991).

Defendant's convictions on counts I and III are vacated. In all other respects, the judgment below is affirmed.

Affirmed in part and vacated in part.

FITZGERALD, J., concurred.

SHEPHERD, J. *(concurring in part and dissenting in part).* I write separately because I believe that this case should be remanded for resentencing. I agree that the sentence would have been appropriate had the defendant been convicted of two counts of assault with intent to commit criminal sexual conduct and one count of felonious assault. However he should be sentenced on the assumption that he was not guilty of felonious assault and was guilty of one count of assault with intent to commit criminal sexual conduct. Granted, he pleaded guilty of being an habitual offender, fourth offense, but habitual offenders should be sentenced, in part, on the basis of what they actually did in the current case. Accordingly, I would remand for resentencing.