■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT JACKSON, Appellant. [621 NYS2d 328] —Judgment, Su-

preme Court, New York County (Paul Bookson, J.), rendered May 4, 1993, convicting defendant, upon his plea of guilty, of robbery in the second degree and bribing a witness, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years and 3½ to 7 years, respectively, unanimously affirmed.

Defendant's claim that he was "illegally sentenced as a predicate felon because the Michigan felonious assault statute under which he was convicted does not make out a felony under New York law" is both unpreserved *(People v Smith,* 73 NY2d 961), and without merit. The relevant inquiry is whether the elements of the crime for which the defendant was convicted in the foreign jurisdiction are similar to those that constitute a felony in New York *(People v Muniz,* 74 NY2d 464, 467-468). Defendant was convicted in Michigan for "felonious assault", which occurs when a person assaults another with a "dangerous weapon, but without intending to commit the crime of murder, and without intending to inflict great bodily harm less than the crime of murder" (Mich Comp Laws § 750.82). In New York, a person is guilty of assault in the second degree when "[w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument" (Penal Law § 120.05 [2]). Defendant does not dispute that both statutes involve the use of similar "dangerous" instruments. Rather, defendant maintains that "a Michigan felonious assault, unlike a New York assault, has no requirement that the defendant intend or cause any physical injury". However, while the Michigan statute itself does not mention "intend or cause any physical injury", Michigan case law establishes that one element of felonious assault is *"with the intent to injure* or place the victim in reasonable apprehension of an immediate battery" *(People v Malkowski,* 198 Mich App 610, 614, 499 NW2d 450, 452 [emphasis added]). Still, unlike the New York statute, the Michigan statute does not require that the defendant actually *cause* physical injury. However, as the People note, "defendant fails to consider that *attempted* [Penal Law § 110.00] second degree assault in New York is also a felony and is analogous to Michigan's felonious assault statute. *(See, People* v. *Gonzalez,* 61 N.Y.2d 586 (1984) * * *). To commit attempted second-degree assault in New York, a defendant need not cause any physical injury; rather, he merely must attempt to harm another". Since the New York felony of attempted second degree assault is equivalent

to Michigan's felonious assault statute, the latter properly served as a predicate conviction.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Ellerin, J. P., Kupferman, Asch and Rubin, JJ.