PEOPLE v LAIDLER

Docket Nos. 294147 and 295111. Submitted November 10, 2010, at
    Detroit. Decided December 28, 2010, at 9:10 a.m.

Marteez D. Laidler was convicted of first-degree home invasion after
    a jury trial in the Wayne Circuit Court. Defendant and Dante
    Holmes had attempted to break into a home, but the home was
    occupied and the homeowner fatally shot Holmes. Defendant was
    originally sentenced to a prison term of 110 months to 20 years.
    After the court, Patricia Fresard, J., discovered that it had used an
    incorrect sentencing guidelines grid at defendant's original sen-
    tencing, defendant was resentenced to a lesser prison term of 48
    months to 20 years. Defendant appealed both his conviction and
    his sentence.

    The Court of Appeals *held*:

    1. A prosecutor cannot vouch for the credibility of a witness,
    suggest that he or she has some special knowledge concerning a
    witness's truthfulness, or express a personal belief in the defen-
    dant's guilt. The record did not support defendant's claim that
    these rules were violated by the prosecutor during her closing
    argument, and because the prosecutor's argument was not im-
    proper, defense counsel was not ineffective for failing to object.

    2. Offense variable 3 (OV 3), MCL 777.33, considers physical
    injury to a victim and requires that 100 points be assessed when a
    victim was killed; for purposes of OV 3, a victim is any person harmed
    by the criminal actions of the charged party. Under MCL 77.33(2)(b),
    100 points are to be scored if death results from the commission of a
    crime and homicide is not the sentencing offense; this provision limits
    the offenses for which 100 points can be assessed to nonhomicide
    sentencing offenses in which the death resulted from the commission
    of a crime. Holmes was not a victim because he was not harmed by
    defendant's criminal activity or by the crime that was committed,
    jointly, by himself and defendant; rather, the victim of the crime was
    the homeowner, and he was not injured.

    Affirmed, and remanded for resentencing.

    O'CONNELL, P.J., concurred in affirming defendant's conviction
    but dissented from the majority's decision to vacate defendant's
    sentence. He would hold that any person harmed by the criminal

actions of the charged party, including a perpetrator, is a victim for whose death 100 points are to be scored under MCL 777.33(1)(a) or (b).

SENTENCES — SENTENCING GUIDELINES — OFFENSE VARIABLE 3 — PHYSICAL INJURY TO VICTIM — PERPETRATOR AS VICTIM.

Offense variable 3, physical injury to a victim, may only be scored when a person is harmed by the criminal actions of the charged party, not by the actions of another person present when the crime is committed (MCL 777.33).

*Michael A. Cox*, Attorney General, *B. Eric Restuccia*, Solicitor General, *Kym L. Worthy*, Prosecuting Attorney, and *Toni Odette*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Mark R. Hall*) for defendant.

Before: O'CONNELL, P.J., and BANDSTRA and MURRAY, JJ.

BANDSTRA, J. In Docket No. 294147, defendant appeals as of right his conviction, following a jury trial, of first-degree home invasion. MCL 750.110a(2). Defendant was originally sentenced to a prison term of 110 months to 20 years. After the trial court discovered that it had used an incorrect sentencing guidelines grid at defendant's original sentencing, defendant was resentenced to a lesser prison term of 48 months to 20 years. Defendant appeals that sentence as of right in Docket No. 295111. Defendant's appeals have been consolidated for this Court's consideration. We affirm defendant's conviction, but remand for resentencing. These appeals have been decided without oral argument pursuant to MCR 7.214(E).

Defendant's conviction arises from an incident in which he and Dante Holmes broke into a house that

they apparently believed was unoccupied. The home-owner was present and fatally shot Holmes as he reached inside a broken window to unlock it. Defendant admitted that he was with Holmes at the house. The prosecution's theory at trial was that defendant assisted Holmes by helping him up to the window, which was six feet off the ground.

Defendant argues that he is entitled to a new trial because of the prosecutor's improper conduct during closing argument. Because defendant did not object to the prosecutor's comments at trial, relief is precluded unless defendant establishes plain error that affected his substantial rights. *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008); *People v Thomas*, 260 Mich App 450, 453-454; 678 NW2d 631 (2004). Defendant also contends that trial counsel was ineffective for failing to object to the prosecutor's conduct. Because defendant did not raise this issue below, review is limited to errors apparent from the existing record. *People v Rodriguez*, 251 Mich App 10, 38; 650 NW2d 96 (2002); *People v Snider*, 239 Mich App 393, 423; 608 NW2d 502 (2000).

The prosecutor cannot vouch for the credibility of a witness or suggest that she has some special knowledge concerning a witness's truthfulness. *People v Bahoda*, 448 Mich 261, 276; 531 NW2d 659 (1995). Nor may the prosecutor express a personal belief in the defendant's guilt. *People v Humphreys*, 24 Mich App 411, 414; 180 NW2d 328 (1970). Contrary to defendant's assertion, however, the record does not support defendant's claim that these rules were violated by the prosecutor during her closing argument. Rather, the prosecution addressed the evidence presented at trial and the conclusions that reasonably could be drawn from it. *Bahoda*, 448 Mich at 282. Although the prosecuting attorney

noted that the jury had the option to find defendant not guilty, she argued that doing so would be contrary to what the facts showed and what the law required. There was nothing improper in arguing that the jury should convict defendant because the evidence showed that he was guilty. And because the prosecution's argument was not improper, defense counsel was not ineffective for failing to object. Counsel is not ineffective for failing to raise a meritless objection. *People v Matuszak*, 263 Mich App 42, 60; 687 NW2d 342 (2004).

Defendant also argues that he is entitled to resentencing because the trial court erroneously scored 100 points for offense variable 3. The interpretation and application of the sentencing guidelines present questions of law subject to de novo review on appeal. *People v Cannon*, 481 Mich 152, 156; 749 NW2d 257 (2008).

Offense variable 3 (OV 3) considers "physical injury to a victim," MCL 777.33(1), and it assesses points depending on the degree of injury suffered by "a victim," MCL 777.33(1)(a) to (f). In relevant part, it requires that 100 points be assessed when "[a] victim was killed." MCL 777.33(1)(a) and (b). For purposes of OV 3, the term "victim" means "any person harmed by the criminal actions of the charged party." *People v Albers*, 258 Mich App 578, 593; 672 NW2d 336 (2003).

MCL 777.33(2)(b) instructs further that 100 points are to be scored "if death results from the commission of a crime and homicide is not the sentencing offense." In this non-homicide sentencing offense case, the trial court determined that the death of defendant's co-felon, Holmes, justified a 100-point score for OV 3. It reasoned that "it doesn't have to be the victim" who was killed to warrant such a score and that 100 points could be assessed whenever "someone died as a result of the

commission of [the] crime," because subsection (2)(b) does not specifically refer to a victim. We disagree.

As already noted, MCL 777.33(1) authorizes the assessment of points only where a "victim" of the sentencing offense is killed or injured. Contrary to the reasoning of the trial court, subsection (2)(b) does not expand the applicability of this offense variable. Instead, it limits the offenses for which 100 points can be assessed. A 100-point score can only be imposed for non-homicide sentencing offenses where the death results from the commission of a crime. Neither of those limiting conditions can enlarge OV 3 so that it would authorize the imposition of points where there is no physical injury to a "victim" as required by subsection (1).

Here, Holmes simply was not a "victim" because he was not harmed by defendant's criminal activity, or by the crime that was committed, jointly, by defendant and Holmes. *Albers*, 258 Mich App at 593. Rather, the "victim" of the crime here was the homeowner, and he was not injured.[1] So, there being no "physical injury to a victim," here, OV 3 is simply inapplicable. MCL 777.33(1).[2]

---

[1] In *Albers*, 258 Mich App at 580, defendant was convicted of involuntary manslaughter after her young son set fire to their apartment, resulting in the death of a child residing in another apartment in the same complex. The defendant challenged the assessment of 25 points under OV 3 for life-threatening or permanent injury to a second child resulting from that same fire. Our Court upheld the scoring, concluding that the other child was also a "victim" of the sentencing offense and explaining, as noted above, that a " 'victim' includes any person harmed by the criminal actions of the charged party." *Id.* at 591-593. Nothing in *Albers* supports the prosecutor's assertion here, adopted by the trial court, that under the circumstances presented in this case, defendant's co-felon is a "victim" within the meaning of OV 3. Nor has the prosecutor offered, or this Court found, any authority for such a proposition.

[2] We further note that the requirement of MCL 777.33(2)(b), that a death result from the commission of a crime, was not satisfied here. Even

Because the scoring error affects the appropriate guidelines range, resentencing is required. *People v Francisco*, 474 Mich 82, 89-92; 711 NW2d 44 (2006). Defendant's conviction is affirmed but his sentence is vacated and the case is remanded for resentencing. We do not retain jurisdiction.

MURRAY, J., concurred.

O'CONNELL, P.J. (*concurring in part and dissenting in part*). I concur with the majority's decision to affirm defendant's conviction. I respectfully dissent, however, from the majority's decision to vacate defendant's sentence. In my view, the trial court properly assessed points under offense variable 3, MCL 777.33.[1] I would affirm defendant's sentence.

As the majority explains, defendant and Dante Holmes were breaking into a home when Holmes was shot and killed. Defendant was convicted of first-degree home invasion, MCL 750.110a(2). At sentencing, the trial court assigned 100 points against defendant under OV 3, MCL 777.33(1)(a). Defendant now argues that the OV 3 score was erroneous.

As the majority recognizes, subsection (1)(a) of OV 3 requires trial courts to assess 100 points if "a victim was killed." MCL 777.33(1)(a). Subsection (2)(b) defines the parameters of the 100-point assessment: "Score 100 points if death results from the commission of a crime

---

if Holmes might properly be considered a "victim," his death resulted from the actions of the homeowner, not from the commission of a crime.

[1] The majority assumes that a co-perpetrator cannot be a crime victim under offense variable 3 (OV 3). I disagree. OV 3 plainly requires that perpetrators be accountable in sentencing when a death results from the commission of a crime. MCL 777.33(2)(b). If a perpetrator starts an action in motion and, as a result of the action, a co-perpetrator is killed, the co-perpetrator can be a "victim" within the meaning of OV 3.

and homicide is not the sentencing offense." The majority bases its holding on the term "victim" in subsection (1)(a), and concludes that subsection (2)(b) merely identifies the offenses that are subject to the 100-point assessment. This interpretation improperly curtails the terms of subsection (2)(b).

In *People v Albers*, 258 Mich App 578, 593; 672 NW2d 336 (2003), this Court held that for purposes of OV 3, the term "victim" means "any person harmed by the criminal actions of the charged party." In the present case, defendant's criminal action was a home invasion; the home invasion resulted in Holmes's death. Because Holmes was harmed by defendant's criminal action, Holmes was a "victim" within the meaning of OV 3. By parceling out responsibility for the home invasion and then parceling out responsibility for the resulting shooting, the majority identifies the homeowner as the sole "victim" of the home invasion and relegates Holmes to being the "victim" of the shooting. I disagree with this logic. In my opinion, both the homeowner and Holmes are victims under OV 3.[2]

I would affirm both the conviction and the sentence of defendant.

---

[2] The majority asserts, "Holmes simply was not a 'victim' because he was not harmed by defendant's criminal activity, or by the crime that was committed, jointly, by defendant and Holmes." This statement would certainly be a revelation to Holmes's survivors. Moreover, there are other offenses in which a perpetrator could be a victim, such as a bank robbery in which a defendant's co-perpetrator was shot and killed, or an arson in which a defendant's co-perpetrator "got caught up in the heat of the moment" and was burned.