# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

LYNN FREDERICK WITT,

      Defendant-Appellant.

UNPUBLISHED
November 13, 2014

No. 316272
Lapeer Circuit Court
LC No. 10-010574-FH

---

Before: WHITBECK, P.J., and FITZGERALD and MURRAY, JJ.

PER CURIAM.

Defendant appeals as of right from his jury convictions of two counts of fourth-degree criminal sexual conduct (CSC), MCL 750.520e, for which the trial court sentenced him to five years' probation. We affirm.

## I. BACKGROUND

Defendant was convicted of sexually molesting the victim in June 2010 at a church where the victim was performing community service as part of a probationary sentence for an assault conviction. Defendant was the pastor at the church and was 76 years old at the time of the offense.

The victim testified that after he arrived at the church to perform his community service, defendant began asking him questions about whether he was homosexual. Although the victim admitted being gay, he testified that he denied being so in response to defendant's questions because the questions made him scared and nervous. The victim acceded to defendant's request for a hug, but then protested and tried to push defendant away when defendant grabbed the victim's crotch, first over the victim's clothing and then by putting his hand inside the victim's shorts to touch his penis. Afterward, the victim told family members what had happened. He then contacted the court involved with his probation, which directed him to a Michigan State Police post. With the assistance of a state trooper, defendant made a "pretext" telephone call to defendant that was recorded. During the call, defendant apologized to the victim for touching

-1-

him.[1]  Defendant was later interviewed by the state trooper.  Defendant initially denied the victim's allegations.  After being informed about the recorded telephone conversation, defendant

---

[1] The telephone conversation was admitted at trial.  The substance of the recording is as follows in pertinent part:

The victim:  Um, can I ask you a question though really fast?

Defendant:  Sure.

The victim:  You promise that if I come in tomorrow you won't like cuz I'm ya know it, 'cause it weirded me out I'm scared a little bit scared like you're not going to grab my junk or talk sexual.

Defendant:  No, No.

The victim:  No, ok cuz that scared me

Defendant:  No that, we're all done with that.  This is…

The victim:  Ok cuz that scared me and then you were asking if I liked boys and you know that really bugs me.

Defendant:  Yeah I'm sorry, I apologize for that, well that was just messing around and I'm sorry about that, please forgive me?

The victim:  Yeah.

Defendant:  Uh, that was reluctant…are you not up to forgiving me?

The victim:  Um well ya know cuz it, cuz it just ya know, it like really ya know, it just bugs me cuz like cuz I told you no like a whole bunch of times and you know what really bugged me is when you put your hand down my pants and ya know and did that and grabbed me and I was like wow, ya know and it's like cuz I really want to come in do my community service with you ya know but it's like ya know I just got nervous.

Defendant:  That's quite all right I'm sorry about that.  So you don't worry.  I'm not going to be going near you.

The victim:  Ok so there's no more like asking if I like boys or jacking off or anything like that nature either?

The defendant:  Nope.

The victim:  No?  Appreciate that.

admitted tickling the victim and stated that he might have touched the victim's groin. Defendant indicated in a written statement that, if he touched the victim inappropriately, it was accidental.

At trial, defendant called several witnesses, including two of the victim's relatives, who testified regarding defendant's character for truthfulness in the community. The jury convicted defendant of two counts of fourth-degree CSC. The trial court denied defendant's post-trial motion for a new trial on various grounds, including ineffective assistance of counsel.

The defendant: Sorry about all that, I was just trying to find out from you what, where you were standing on certain things because from what people have told me, so I was just pulling on you and now I know where you stand.

The victim: Can I ask you this, how come, what made you touch me though ya know cuz that part right there really bugged me to ya know, I was just wanted to get this stuff ya know down pat ya know, cuz, ya know, I'm kinda ya know I think you're a good guy and that but you know I'm just I want to know why you'd touch me like that ya know?

Defendant: I don't know why I just, it just happened. I was just messing around and I got carried away. I know it was a bad thing.

The victim: Alrighty, well I know

Defendant: Ok?

The victim: I thank you and we'll see you tomorrow

The defendant: Look, I'm sorry.

The victim: It's alright.

The defendant: No, well I'm sorry about that.

The victim: Ok.

The defendant: So uh don't worry cuz (inaudible) and I'm sorry about what I did.

The victim: Cuz it's like, cuz ya know it bugs me too cuz when you kept on touching me ya know it's like I kept on telling you no and then you just kept on forcing yourself and all that kinda stuff and it was just it really scared me.

The defendant: I'm sorry, I was worried about that I thought afterwards that was just stupid but stuff happens so I'm sorry about that.

The victim: Yep

The victim: Alright Pastor, talk to ya later.

## II. SUFFICIENCY OF THE EVIDENCE

We first address defendant's argument that the evidence was insufficient to establish the force or coercion element necessary to sustain a conviction of fourth-degree CSC. A challenge to the sufficiency of the evidence is reviewed de novo. *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010). An appellate court is required to review the evidence in a light most favorable to the prosecutor to determine whether a rational trier of fact could find that the essential elements of the charged crime were proven beyond a reasonable doubt. *People v Robinson*, 475 Mich 1, 5; 715 NW2d 44 (2006).

Defendant was charged with violating MCL 750.520e(1)(b), which provides that a person is guilty of fourth degree CSC if he or she uses force or coercion to accomplish sexual contact. Contrary to defendant's argument on appeal, force or coercion includes circumstances in which "the actor achieves the sexual contact through concealment or by the element of surprise." MCL 750.520e(1)(b)(*v*). Defendant's reliance on *People v Patterson*, 428 Mich 502; 410 NW2d 733 (1987), is misplaced because that case was decided before § 520e(1)(b) was amended by 1994 PA 213, to add this additional method of proving force or coercion. Whether force or coercion exists is determined in light of all of the circumstances. *People v Brown*, 197 Mich App 448, 450; 495 NW2d 812 (1992). The actor's "force" need only be sufficient to induce the victim to submit to the sexual act or to seize control of the victim in a manner to facilitate the accomplishment of the sexual act without regard to the victim's wishes. See *People v Carlson*, 466 Mich 130, 136-140; 644 NW2d 704 (2002).

Viewed in a light most favorable to the prosecution, the victim's testimony describing how defendant touched him during a hug, first on top of his shorts and then inside his shorts, was sufficient to satisfy the "surprise" circumstance for forcible sexual contact under § 520e(1)(b)(*v*). The victim's testimony indicates that defendant used the pretext of a hug to seize control of the victim in a manner that facilitated the accomplishment of sexual contact without regard to the victim's wishes. The evidence was sufficient to support defendant's two convictions for fourth-degree CSC. *Carlson*, 466 Mich at 140.

## III. JURY INSTRUCTIONS

Defendant next argues that reversal is required because the trial court failed to instruct the jury on force or coercion in accordance with CJI2d 20.15 during its final jury instructions. Because defendant failed to object to the trial court's instructions, our review of this issue is limited to plain error affecting defendant's substantial rights. Defendant has the burden of establishing "(1) that [an] error occurred, (2) that the error was 'plain,' (3) that the error affected substantial rights, and (4) that the error either resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *People v Vaughn*, 491 Mich 642, 664-665; 821 NW2d 288 (2012), citing *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Jury instructions are considered as a whole to determine if error occurred. *People v Kowalski*, 489 Mich 488, 501; 803 NW2d 200 (2011). "A criminal defendant has a constitutional right to have a jury determine his or her guilt from its consideration of every essential element of the charged offense." *Id*. But the omission of an element of an offense does

not necessarily render the trial fundamentally unfair or an unreliable means for determining the defendant's guilt or innocence. *Id.* Even if jury instructions are imperfect, reversal is not warranted if the instructions fairly presented the issues to be tried and adequately protect the defendant's rights. *Id.* at 501-502; see also *People v Eisen*, 296 Mich App 326, 330-331; 820 NW2d 229 (2012) (omission of age element of first-degree CSC offense did not require reversal where the verdict form contained the age requirement and the evidence was overwhelming).

It is undisputed that the trial court's final instructions to the jury failed to include the force or coercion element of fourth-degree CSC. Thus, defendant has established a plain error. However, defendant has not established that the error affected his substantial rights. As previously indicated, legally sufficient evidence established that defendant engaged in sexual contact with the victim, accomplished by the element of surprise. The jury was instructed on force or coercion in accordance with CJI2d 20.15 immediately before opening statements on the first day of the two-day trial. The trial court also instructed the jury that it would be given additional instructions throughout the trial, and it should consider all of the court's instructions as a connected series. The trial court also found that the jury was given a written copy of the instructions, which included an instruction on the force or coercion element. Although defendant asserts that it cannot be determined whether the written packet of instructions contained an instruction on force or coercion, defense counsel testified at a post-trial *Ginther*[2] hearing that he reviewed the written instructions before they were given to the jury and he believed they contained an instruction on the force or coercion element.

Considering the jury instructions in their entirety, including the short lapse of time between the preliminary and final jury instructions, and the trial court's instructions that the jury consider all of its instructions together, we conclude that the jury instructions were sufficient to protect defendant's rights, and to fairly present the issues to be tried. Contrary to what defendant argues on appeal, the jury was not misled into believing that it could find fourth-degree CSC without a forcible touching.

Furthermore, even if defendant can satisfy his burden of establishing a plain error affecting his substantial rights, reversal would not be warranted unless the error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of the judicial proceeding. *Vaughn*, 491 Mich at 666. Defendant asserts that he is innocent because there is no evidence of force or coercion. As previously explained, however, the victim's testimony, if believed, established that defendant used force to achieve sexual contact through the element of surprise. In this regard, the primary task for the jury was to determine whether the victim's allegations were credible, not whether those allegations, if believed, established the element of force or coercion. Defendant's recorded telephone conversation with the victim supports the veracity of the victim's allegations, and undermines any actual innocence claim by defendant. In addition, because the record demonstrates that the jury received instructions on force or coercion, and the jury was not misled into believing that it could find fourth-degree CSC without a forcible touching, the omission of an instruction on that

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

element in the final instructions does not seriously affect the fairness, integrity, or public reputation of the judicial proceeding. Accordingly, we decline to reverse on the basis of this unpreserved issue.

## IV. PROSECUTORIAL MISCONDUCT

Defendant next argues that multiple instances of prosecutorial misconduct denied him a fair trial. We disagree.

This Court reviews claims of prosecutor misconduct de novo, but reviews any factual findings by the trial court for clear error. *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008). Claims of prosecutorial misconduct are considered on a case-by-case basis, and the prosecutor's conduct is reviewed in the context of the issues raised at trial to determine if the defendant was denied a fair and impartial trial. *People v Fyda*, 288 Mich App 446, 460; 793 NW2d 712 (2010). An unpreserved claim of prosecutorial misconduct is reviewed for plain error affecting substantial rights. *Id*. at 460-461.

The only claim of prosecutorial misconduct that was preserved with an appropriate objection at trial involves defendant's objection to the prosecutor's cross-examination of a defense witness. A prosecutor's good-faith effort to admit evidence is not misconduct. *People v Dobek*, 274 Mich App 58, 70; 732 NW2d 546 (2007). Even assuming that it was improper for the prosecutor to ask the defense witness about her knowledge of Catholic priests, the trial court immediately sustained defendant's objection and thereby precluded any development of this issue. Defense counsel's objection and the trial court's immediate response protected defendant's right to a fair and impartial trial. See *id*. at 75 (prosecutor's improper questions regarding the defendant's Catholic beliefs did not deprive the defendant of a fair and impartial trial where the trial court swiftly stopped the line of questioning).

We reject defendant's argument that the prosecutor engaged in misconduct during his questioning of a prospective juror who disclosed that his daughter's best male friend is gay. The prosecutor was not attempting to elicit sympathy for the victim, but rather was attempting to determine whether any jurors had any bias against gay persons that would affect their ability to be fair and impartial in a case involving a gay victim. This was a proper purpose of voir dire. See *People v Tyburski*, 445 Mich 606, 618; 518 NW2d 441 (1994) (opinion of MALLETT, J.); *People v Furman*, 158 Mich App 302, 322; 404 NW2d 246 (1987). The prosecutor asked more probing questions of one prospective juror who disclosed that his daughter had a close relationship with a person who was homosexual, but the prosecutor asked balanced questions by asking whether a victim's homosexuality would prevent the juror from judging the case fairly and impartially. The prosecutor's conduct was not improper.

Defendant also challenges several of the prosecutor's remarks during closing argument, all of which are unpreserved. We must consider the remarks as a whole and evaluate them in light of defense arguments and their relationship to the evidence at trial. *Brown*, 279 Mich App at 135. We disagree with defendant's claim that the prosecutor made an improper civic duty argument. A civic duty argument is one that appeals to the jury's fears and prejudices. *People v Bahoda*, 448 Mich 261, 282; 531 NW2d 659 (1995). It injects issues broader than the defendant's guilt or innocence, and encourages jurors to suspend their powers of judgment.

*People v Thomas*, 260 Mich App 450, 455-456; 678 NW2d 631 (2004). Examined in context, the prosecutor did not suggest that the jury convict defendant as part of any civic duty. Rather, the prosecutor was commenting on the victim's testimony that he was concerned that no one would believe him because he is gay. A prosecutor is free to argue the evidence and all reasonable inferences arising from the evidence, *People v Unger*, 278 Mich App 210, 236; 749 NW2d 272 (2008), and the prosecutor is not required to state his arguments in the blandest possible terms. *Id*. at 239.

We are also not persuaded that it was improper for the prosecutor to compare the victim to a fly coming into a spider's trap. The fact that the victim, and not defendant, chose to do community service at the church did not preclude the prosecutor from arguing that defendant seized the opportunity to exploit the victim for a sexual purpose. Further, the prosecutor's use of the phrase "in this man's world" did not, expressly or impliedly, suggest that the jury should convict defendant based on some publically disclosed matter involving Catholic priests. Moreover, any perceived misstatement of the evidence was cured by the trial court's instruction that the jury "only accept things an attorney said that are supported by the evidence and by your own common sense and general knowledge." It may be presumed that the jury followed the court's instructions. *Unger*, 278 Mich App at 235.

We also reject defendant's argument that the prosecutor lowered the burden of proof by remarking that it could convict defendant on the basis of the victim's testimony if it believed that testimony. It is apparent that the prosecutor was addressing the rule of law that a victim's testimony need not be corroborated in a prosecution under MCL 750.520e. See MCL 750.520h. Moreover, the prosecutor preceded his remark by commenting, "Again, the Judge is going to instruct you, and if I say something different as it relates to what the law is, in other words the instructions, go with what the Judge says." Defendant does not dispute that the trial court correctly instructed the jury on the prosecution's burden of proof. In addition, the trial court specifically instructed the jury that a conviction is permitted on the basis of a victim's testimony only if it proves guilt beyond a reasonable doubt.

Defendant also complains about the prosecutor's use of the word "predator" in closing argument. "[P]rosecutors may use 'hard language' when it is supported by the evidence and are not required to phrase arguments in the blandest of all possible terms." *People v Ullah*, 216 Mich App 669, 678; 550 NW2d 568 (1996). Regardless of whether a dictionary definition of the word "predator" would imply more than one victim, the context in which the prosecutor used the term in this case did not imply that there was more than one victim of defendant's conduct. Rather, the prosecutor's argument was directed at the opportunity that defendant had to exploit the victim after he came to the church to do community service. To the extent there was any perceived prejudice, the trial court's jury instruction that "[t]he attorneys' statements and argument are not evidence" was sufficient to protect defendant's substantial rights. *Unger*, 278 Mich App at 235.

We also reject defendant's argument that the prosecutor improperly vouched for his case by remarking that "this is as good as it gets on a criminal sexual conduct in the fourth degree." A prosecutor may not vouch for the credibility of a witness by suggesting that he or she has some special knowledge concerning a witness's truthfulness. *Bahoda*, 448 Mich at 276. It also impermissible for a prosecutor to interject a personal belief regarding a defendant's guilt. *People*

*v Laidler*, 291 Mich App 199, 201; 804 NW2d 866 (2010), rev'd in part on other grounds 491 Mich 339 (2012). But a prosecutor may comment on the credibility of prosecution witnesses during closing argument. *Thomas*, 260 Mich App at 455. Because the record indicates that the prosecutor was commenting on the strength of the evidence in support of the charges, there was no error.

Defendant has also failed to establish that the prosecutor's remarks during rebuttal argument constitute plain error. An otherwise improper remark by a prosecutor may not rise to error requiring reversal if it is responsive to defense counsel's argument. *People v Kennebrew*, 220 Mich App 601, 608; 560 NW2d 354 (1996). "A prosecutor may fairly respond to an issue raised by the defendant." *Brown*, 279 Mich App at 135.

The prosecutor's references to defendant's age and marital status were responsive to defense counsel's suggestion in closing argument that the jury consider defendant's age and length of marriage. The prosecutor's expansion of this argument to include other statuses, including scout leaders, teachers, and priests, was a fair response to defense counsel's argument. Accordingly, there was no plain error. Moreover, because any perceived prejudice could have been cured by a timely objection and request for a curative instruction, appellate relief is not warranted. *Unger*, 278 Mich App at 234-235; *Dobek*, 274 Mich App at 67.

We also reject defendant's argument that the prosecutor argued facts not in evidence when responding to defense counsel's closing argument that apologies are not admissions. Although the prosecutor commented on the "simply psychology" of how a person reacts to being accused of something that never happened, the argument as a whole suggested that the jury use its common sense when evaluating defendant's telephone conversation with the victim. Further, any perceived prejudice was cured by the trial court's instruction that the jury "only accept things an attorney said that are supported by the evidence and by your own common sense and general knowledge." *Unger*, 278 Mich App at 235.

We also reject defendant's claim that the prosecutor misstated facts by remarking that there was no evidence that defendant engaged in hugging and tickling with the victim. Examined in context, the prosecutor's remarks were directed at the lack of evidence to support defense counsel's assertion in opening statement that the evidence would show that defendant tickled the victim to get out of a hug that lasted too long. A prosecutor may comment on weaknesses in a defense theory. *People v Fields*, 450 Mich 94, 112; 538 NW2d 356 (1995); *Fyda*, 288 Mich App at 462.

Lastly, we are not persuaded that the prosecutor improperly denigrated defense counsel through his use of the term "ridiculous" in rebuttal argument. It is impermissible for a prosecutor to suggest that defense counsel is intentionally attempting to mislead the jury because it undermines the defendant's presumption of innocence. *Fyda*, 288 Mich App at 461. But a prosecutor is free to comment on the evidence. *Unger*, 278 Mich App at 236. The prosecutor may argue from the evidence that a defendant or witness is not worthy of belief. *Dobek*, 274 Mich App at 67. Examined in context, it is apparent that the prosecutor's "ridiculous" remark was not directed at defense counsel, but rather at how defendant's interview with the state trooper progressed to a point where defendant was claiming that he accidentally touched the groin of an adult male while tickling him. The prosecutor's remark was not improper.

In sum, defendant has established only one preserved claim of misconduct, which was swiftly resolved by the trial court sustaining defense counsel's objection. Defendant has not established any misconduct, considered singular or cumulatively, that had the effect of depriving him of a fair trial. *Brown*, 279 Mich at 146; see also *Bahoda*, 448 Mich at 292 n 64.

## V. EVIDENCE OF FALSE ALLEGATIONS

Defendant also challenges the trial court's pretrial ruling denying his motion to admit evidence of allegedly false allegations of sexual abuse made by the victim in 1999 and 2009. We review a trial court's evidentiary rulings for an abuse of discretion. *Unger*, 278 Mich App at 216. "An abuse of discretion occurs when the court chooses an outcome that falls outside her range of reasonable and principled outcomes." *Id.* at 217. A trial court's findings of fact are reviewed for clear error. *People v Briseno*, 211 Mich App 11, 14; 535 NW2d 559 (1995). Preliminary questions of law, such as whether an evidentiary rule precludes admission, are reviewed de novo. *People v Mardlin*, 487 Mich 609, 614; 790 NW2d 607 (2010).

### A. 1999 POLICE REPORT

We disagree with defendant's claim that the 1999 police report containing allegations concerning the victim's uncle and cousin was admissible under MRE 404(b) or the Sixth Amendment.

The Due Process Clause of the Fourteenth Amendment and the Sixth Amendment's Compulsory Process and Confrontation Clauses guarantee a defendant a meaningful opportunity to present a defense. *People v King*, 297 Mich App 465, 473; 824 NW2d 258 (2012). But a defendant must still comply with established rules of procedure and evidence designed to assure fairness and reliability in determining guilt or innocence. *Id.* at 474. Thus, the Sixth Amendment right to cross-examination is not without limits. "The right of cross-examination does not include a right to cross-examine on irrelevant issues and may bow to accommodate other legitimate interests in the trial process or of society." *People v Adamski*, 198 Mich App 133, 138; 497 NW2d 546 (1993).

Extrinsic evidence of other acts is admissible under MRE 404(b) if the proponent satisfies three conditions: "(1) that the other acts evidence is for a proper purpose (other than to show character and action in conformity therewith), (2) that the evidence is relevant to an issue of fact that is of consequence at trial, and (3) that, under MRE 403, the danger of unfair prejudice does not substantially outweigh the probative value of the evidence." *People v Steele*, 283 Mich App 472, 479; 769 NW2d 256 (2009). In *People v Jackson*, 475 Mich 909, 910; 717 NW2d 871 (2006), our Supreme Court set forth the following guidelines for evaluating evidence of false allegations of sexual abuse under MRE 404(b):

> [B]efore admitting evidence of a prior false allegation, the circuit court must first determine whether defense counsel has a good-faith basis to present evidence regarding the alleged prior false accusation. If the court determines that defense counsel has a good-faith basis, it must then determine whether the evidence of the alleged prior false accusation is being used for credibility purposes or for a proper purpose under MRE 404(b). Evidence that is admitted

for credibility must be admitted in a manner that is consistent with MRE 608(b), which permits this type of specific conduct to be "inquired into on cross-examination of the witness" but does not permit the specific conduct to be "proved by extrinsic evidence." Evidence that is admitted for a proper purpose under MRE 404(b) can be proved by relevant extrinsic evidence.

In *Jackson*, the Supreme Court remanded the case to the trial court for an evidentiary hearing regarding the admissibility of the evidence under MRE 404(b). *Jackson*, 475 Mich at 910. After remand, the Supreme Court, citing MRE 404(b), ordered a new trial and required the defendant to be afforded an opportunity to introduce testimony that the complainant was previously induced by her father to make false allegations against persons disliked by her father. *People v Jackson (After Remand)*, 477 Mich 1019; 726 NW2d 727 (2007). The father's hearsay statements to a police officer were not themselves admissible as evidence. *Id.* at 1019-1020.

In this case, the trial court followed the approach in *Jackson* to determine the admissibility of defendant's proposed evidence that the victim made a false allegation of sexual abuse against his uncle in the 1999 police report. Although defendant argues that the trial court erred in applying a good-faith requirement because this case does involve privileged records,[3] defendant's own brief filed in support of his motion asked the court to find good faith. Reversal is not required where an aggrieved party contributes to an error by plan or negligence. *People v Gonzalez*, 256 Mich App 212, 224; 663 NW2d 499 (2003). In any event, this Court will not reverse a trial court's decision when it reaches the correct result for a wrong reason. *People v Mayhew*, 236 Mich App 112, 118 n 2; 600 NW2d 370 (1999); see also *People v Williams*, 191 Mich App 269, 272; 477 NW2d 877 (1991). Regardless of whether good faith is required, defendant was still required to make an offer of proof that the complainant made a prior false accusation of sexual abuse against another person. See *People v Parks*, 478 Mich 910; 733 NW2d 14 (2007). The substance of the trial court's decision regarding the good-faith requirement was that defendant failed to make an offer of proof establishing that the victim made a false allegation of sexual abuse in the 1999 police report. The 1999 report named the victim's mother as the complainant, but contained interviews of the victim and his brother, who were then minors. It also included a social worker's report of suspected child abuse or neglect prepared for the Department of Human Services. Considering the testimony of the state trooper, the victim, and the victim's uncle at the evidentiary hearing on defendant's pretrial motion, the trial court did not err in finding that the evidence failed to establish that the victim made a false allegation of sexual contact in the 1999 police report. Therefore, the trial court reached the correct result in refusing to admit the evidence.

We also reject defendant's argument that he should have been allowed to cross-examine the victim regarding the 1999 allegations at trial for the purpose of showing a false allegation.

---

[3] As defendant points out, our Supreme Court adopted a good-faith standard in *People v Stanaway*, 446 Mich 643, 677; 521 NW2d 557 (1994), to determine whether a trial court should conduct an in-camera review of privileged records to ascertain whether the records contain material information necessary for the defense.

Although MRE 608(b) permits an inquiry into specific instances of conduct that are probative of a witness's credibility, absent an offer of proof that the victim made false allegations in 1999, the trial court did not err in disallowing the cross-examination. Defendant's reliance on his Sixth Amendment right of cross-examination is misplaced because he failed to make a sufficient showing of relevance to allow for cross-examination on this subject. Defendant was not entitled to use cross-examination as a fishing expedition. *People v Hackett*, 421 Mich 338, 350-351; 365 NW2d 120 (1984).

## B. 2009 POLICE REPORT

The 2009 police report concerned a domestic disturbance between the victim and his domestic partner, which was initially reported by the victim's brother. Defendant argues that he should have been allowed to introduce under MRE 404(b) that the victim accused his domestic partner of being a child molester. We disagree.

The trial court excluded the evidence based on its determination that it was not relevant. To admit evidence under MRE 404(b), the proponent must show that it is relevant to an issue of consequence at trial. *Steele*, 283 Mich App at 479. Although evidence affecting the credibility of a victim is relevant, there must be a logical link between the proffered evidence and the victim's alleged fabrication of sexual abuse at trial. *King*, 297 Mich App at 476-477. For instance, it might be shown that a complainant's false allegations are part of a scheme, pattern, or system. *People v Grissom*, 492 Mich 296, 326; 821 NW2d 50 (2012) (KELLY, J., concurring). A pattern of prior false accusations might suggest an underlying motive. *Id*. at 316 (opinion of the Court).

In this case, the police report indicates that the victim reported during a police interview that he sent an Internet message to some people stating that his domestic partner was a child molester because he was mad at him, and this conduct made his domestic partner mad. We find no error in the trial court's determination that the victim's "child molester" statement in the 2009 police report was not relevant.

## VI. EVIDENCE OF CIVIL LAWSUITS

Defendant next argues that the trial court deprived him of his constitutional right to test the truth of the victim's testimony when it sustained an objection to defense counsel's cross-examination of the victim regarding whether he had contacted certain named or unnamed attorneys about filing a civil suit against the church.

"[W]hile the extent of cross-examination is within the discretion of the trial court there is a dimension of the Confrontation Clause that guarantees to defendant a reasonable opportunity to test the truth of a witness' testimony." *Hackett*, 421 Mich at 347. "An abuse of discretion occurs when the court chooses an outcome that falls outside her range of reasonable and principled outcomes." *Unger*, 238 Mich App at 217.

In this case, defendant concedes that defense counsel's question regarding his contact with named or unnamed attorneys was a narrow one. Defendant has failed to establish that the trial court abused its discretion by sustaining the prosecutor's objection to the narrow question. The trial court did not wholly prevent any exploration of the victim's bias. Therefore, any error

does not arise to constitutional error. *People v Bushard*, 444 Mich 384, 391 n 7; 508 NW2d 745 (1993) (BOYLE, J., concurring). Further, considering that the victim answered the question by giving a negative response, and that the trial court did not strike the answer, any error was harmless. *People v Lukity*, 460 Mich 484, 494-496; 596 NW2d 607 (1999).

Defendant's claim that defense counsel should have been allowed to ask the victim broader questions regarding whether he was contemplating a civil lawsuit is unpreserved, because the trial court's decision to sustain the prosecutor's nonspecific objection did not preclude defense counsel from seeking clarification of the ruling or making an offer of proof of any other question he wanted to ask the victim. See MRE 103(a)(2). And absent an offer of proof, defendant cannot establish a plain error affecting his substantial rights. MRE 103(a)(2); see also *People v Hampton*, 237 Mich App 143, 154; 603 NW2d 270 (1999).

## VII. INEFFECTIVE ASSISTANCE OF COUNSEL

We lastly address defendant's argument that he was deprived of the effective of counsel at trial. The trial court addressed this issue and denied defendant's motion for a new trial after conducting a *Ginther*[4] hearing. We find no reason to disturb that decision.

Ineffective assistance of counsel is a mixed question of fact and constitutional law. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). The trial court's findings of fact are reviewed for clear error, while its rulings on constitutional issues are reviewed de novo. *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009). To establish ineffective assistance of counsel, defendant bears the burden of showing both deficient performance and prejudice. *People v Carbin*, 463 Mich 590, 599-600; 623 NW2d 884 (2001). Defendant must establish that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Vaughn*, 491 Mich at 669.

## A. JURY INSTRUCTIONS

Defendant first argues that defense counsel was ineffective for failing to object to the trial court's omission of a jury instruction on the element of force or coercion during the final jury instructions. The trial court found that this error did not prejudice defendant because of the overwhelming evidence of that element and because the jury instructions as a whole fairly presented the issue to the jury and sufficiently protected defendant's rights. In light of our analysis in section III, *supra*, we agree with this determination. Defendant has not established a reasonable probability that the result of the trial would have been different if counsel had objected to the omission. *Vaughn*, 491 Mich at 669.

---

[4] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

## B. PROSECUTORIAL MISCONDUCT

Defendant's second claim of ineffective assistance of counsel is essentially a restatement of his claim that the prosecutor engaged in numerous instances of misconduct. As explained in section IV, *supra*, the prosecutor's questioning of a prospective juror during voir dire was not improper. Accordingly, defense counsel was not ineffective for failing to object to the voir dire. Counsel need not make a futile objection. *Unger*, 278 Mich App at 257. Regarding counsel's failure to object to the prosecutor's closing and rebuttal arguments, defense counsel testified at the *Ginther* hearing that it is his practice to refrain from objecting to a prosecutor's arguments unless the prosecutor makes "an incredibly horrible statement." "[D]eclining to raise objections, especially during closing arguments, can often be consistent with sound trial strategy." *Id*. at 242. Because defense counsel was not asked about any particular remark by the prosecutor during rebuttal or closing arguments, there is no factual support for defendant's argument that defense counsel's decision not to object was not strategic. Regardless, in light of our analysis in section IV, *supra*, defendant has failed to show that any remark, to the extent it could be considered improper, was prejudicial.

## C. OPINION EVIDENCE

Defendant argues that defense counsel was ineffective for failing to ask the victim's uncle for an opinion under MRE 405 whether the victim is believable. We disagree.

A defendant is entitled to have defense counsel investigate, prepare, and present all substantial defenses. *People v Kelly*, 186 Mich App 524, 526; 465 NW2d 569 (1990). "A substantial defense is one that might have made a difference in the outcome of the trial." *Id*. Decisions regarding which evidence to present are presumed to be matters of trial strategy, and this Court will not second-guess counsel on matters of trial strategy. *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008).

As a general rule, it is improper for a witness to comment or provide an opinion on the credibility of another witness because a jury determines credibility matters. *Dobek*, 274 Mich App at 71. But an attack on a witness's character for truthfulness is permitted. *Lukity*, 460 Mich at 490. MRE 405(a) allows opinion testimony where evidence of a person's character is admissible. MRE 608(a) provides that the credibility of a witness may be attacked in the form of an opinion, but the evidence may refer only to character for untruthfulness. Even if admissible under MRE 608(a), a trial court may exclude evidence under MRE 403 if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice or other considerations, including whether it would confuse the issues or mislead the jury. *People v Brownridge*, 459 Mich 456, 461; 591 NW2d 26 (1999), amended 459 Mich 1276 (1999).

In this case, even if defense counsel was mistaken about whether he could have offered the victim's uncle's opinion testimony under MRE 405(a) and MRE 608(a), the proffered personal opinion of the victim's uncle that the victim is not worthy of belief would have been inconsistent with the evidence of defendant's own statements in his recorded telephone conversation with the victim, which corroborated the victim's testimony. It also would have created a risk that the prosecutor would expose the uncle's bias against the victim on cross-examination. Therefore, we are unable to conclude that defense counsel's performance with

regard to deciding which character evidence to present fell below an objective standard of reasonableness. *Vaughn*, 491 Mich at 669. Furthermore, even if defense counsel did perform deficiently in this regard, defendant has not established a reasonable probability that the result of the trial would have been different if the jury had heard the uncle's personal opinion that the victim was not worthy of belief. Indeed, it should have been apparent from the uncle's testimony describing defendant as "truthful and as honest as a man can get" that the uncle did not believe the victim's allegations. Because defendant was not deprived of a substantial defense, reversal on this ground is not warranted.

## D. HABIT EVIDENCE

Defendant next argues that defense counsel should have used the 1999 and 2009 police reports, and other police reports involving the victim and his family, to establish that the victim had a habit of making false accusations when confronted with stress. Defendant argues that this evidence would have been admissible under MRE 406. We disagree.

Evidence of a person's habit is admissible under MRE 406 where it is relevant to prove that the person's conduct on a particular occasion was in conformity with the habit. A habit is a set pattern, routine, or something done on countless occasions. *Cook v Rontal*, 109 Mich App 220, 224; 311 NW2d 333 (1981). Defense counsel testified at the *Ginther* hearing that he considered offering evidence that the victim made prior false accusations under MRE 406, but he did not believe there was evidence that arose to the level of a habit. Following the *Ginther* hearing, the trial court agreed that defendant failed to establish that the police contacts with the victim and his family, as detailed in the various police reports, established a habit of making false allegations. Because many of the police reports were initiated by other family members and the reports do not establish a pattern of false allegations, we find no error in the trial court's determination. Therefore, defendant's ineffective assistance of counsel claim on this ground cannot succeed. *People v Fike*, 228 Mich App 178, 182; 577 NW2d 903 (1998). To the extent that defendant alternatively argues that defense counsel was ineffective for not offering this evidence under MRE 404(b) and MRE 608, defendant has failed to establish that the evidence would have been admissible under these rules. Therefore, we find no basis for a new trial on this ground. *Kelly*, 186 Mich App at 526.

Affirmed.

/s/ William C. Whitbeck
/s/ E. Thomas Fitzgerald
/s/ Christopher M. Murray

-14-