# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DOUGLAS PAUL GUFFEY,

Defendant-Appellant.

UNPUBLISHED
January 15, 2015

No. 317902
Genesee Circuit Court
LC No. 12-031509-FC

Before: DONOFRIO, P.J., and BORRELLO and STEPHENS, JJ.

PER CURIAM.

A jury convicted defendant of three counts of first-degree criminal sexual conduct (CSC), MCL 750.520b(1)(b)(*iii*), two counts of second-degree CSC, MCL 750.520c(1)(b)(*iii*), and two counts of fourth-degree CSC, MCL 750.520e(1)(b). The trial court sentenced defendant to concurrent prison terms of 192 to 360 months for each first-degree CSC conviction, 60 to 180 months for each second-degree CSC conviction, and 361 days for each fourth-degree CSC conviction. Defendant appeals as of right. We affirm defendant's convictions, but vacate his sentences and remand for resentencing.

## I. BACKGROUND

The 57-year-old defendant was convicted of engaging in inappropriate sexual conduct with three female teenagers, each of whom was employed as an apprentice at his horse farm in Richfield Township. The prosecutor's theory was that defendant lured the teenagers to his farm by offering them internships in exchange for riding horses and other privileges on the farm. The prosecutor claimed that defendant (1) used his position of authority as SL's boss to sexually penetrate SL on more than three occasions and had inappropriate sexual contact with her on at least two occasions, (2) inappropriately touched MD on more than one occasion, and (3) inappropriately touched DH on more than one occasion. The defense theory was that defendant did not do anything inappropriate, and that the prosecution witnesses were not credible.

## II. OTHER ACTS EVIDENCE

Defendant first argues that the trial court erred by admitting evidence of other uncharged acts against DH and MD, contrary to MCL 768.27a and MRE 404(b). We disagree. We review a trial court's decision to admit evidence for an abuse of discretion. *People v Feezel*, 486 Mich

-1-

184, 192; 783 NW2d 67 (2010). "A trial court abuses its discretion when its decision falls 'outside the range of principled outcomes.'" *Id.* (citation omitted).

## A. EVIDENCE INVOLVING DH

Defendant's argument that DH's testimony regarding other uncharged acts was inadmissible under MCL 768.27a and MRE 403 is misplaced. Defendant was charged with two counts of fourth-degree CSC related to DH. DH testified that during her first two months working at the farm, defendant placed his hand on her buttocks several times to lift her onto a horse, although she had not requested or required his assistance. Defendant argues that "the allegations of sexual contact as to [DH] lacked sufficient similarity to the allegations of penetration alleged by [SL]." He further argues that "[a]ll were able to testify as to their own claims, and did so." Because DH's testimony was offered as direct evidence of the charged fourth-degree CSC acts perpetrated by defendant against her, and not as evidence of "other acts" of sexual contact, analysis under MCL 768.27a and MRE 403 is not applicable. Therefore, defendant's argument regarding the admissibility of the evidence relating to DH lacks merit.

## B. EVIDENCE INVOLVING MD

Regarding MD, defendant was charged with one count of second-degree CSC for touching her buttocks while she was mounting a horse. MD testified that, on another occasion, after she complained about her hamstring muscle, defendant grabbed her crotch while making a sexual reference. Defendant was not charged for that conduct. Defendant now argues that MD's testimony regarding this uncharged act was inadmissible under MCL 768.27a and MRE 404(b), because the probative value of the evidence was substantially outweighed by the danger of unfair prejudice, thereby subjecting it to exclusion under MRE 403.[1]

MCL 768.27a provides that "in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." Evidence is relevant if it has any tendency to make the existence of a fact that is of consequence to the action more probable or less probable than it would be without the evidence. MRE 401. A defendant's propensity to commit a crime makes it more probable that he committed the charged offense. *People v Watkins*, 491 Mich 450, 470; 818 NW2d 296 (2012). However, evidence offered under MCL 768.27a is still subject to MRE 403, which excludes relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. MRE 403; *Watkins*, 491 Mich at 481.

_____

[1] It is unclear whether the other acts evidence was admitted pursuant to MRE 404(b) or MCL 768.27a. However, as this Court observed in *People v Smith*, 282 Mich App 191, 205; 772 NW2d 428 (2009), where, as here, a listed offense is at issue, analysis of whether the other acts evidence is admissible "begins and ends with MCL 768.27a." See also *People v Watkins*, 491 Mich 450, 496; 818 NW2d 296 (2012).

MRE 403 is not, however, intended to exclude "damaging" evidence, because any relevant evidence will be damaging to some extent. *People v Mills*, 450 Mich 61, 75; 537 NW2d 909 (1995), mod 450 Mich 1212 (1995). Instead, it "is only when the probative value is *substantially outweighed* by the danger of unfair prejudice that evidence is excluded." *Id.* Unfair prejudice exists where there is "a danger that marginally probative evidence will be given undue or pre-emptive weight by the jury" or "it would be inequitable to allow the proponent of the evidence to use it." *Id.* at 75-76; *People v McGuffey*, 251 Mich App 155, 163; 649 NW2d 801 (2002). When applying MRE 403 to evidence in the context of MCL 768.27a, "courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Watkins*, 491 Mich at 487. Thus, "other-acts evidence admissible under MCL 768.27a may not be excluded under MRE 403 as overly prejudicial merely because it allows a jury to draw a propensity inference." *Id.* Courts should consider the following factors when deciding whether to exclude other-acts evidence under MRE 403 as being overly prejudicial:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Watkins*, 491 Mich at 487-488.]

When weighing probative value of other-acts evidence, courts should consider the extent to which the other-acts evidence supports the victim's credibility and rebuts any defense attack on the victim's credibility. *Watkins*, 491 Mich at 491-492.

The only factor from *Watkins* that defendant challenges—similarity between the other acts and the charged sexual assaults—weighs in favor of admissibility. MD and SL were approximately the same ages—between 13 and 16—when the charged sexual conduct occurred. All three victims were female teenagers who worked as apprentices on defendant's farm. The charged second-degree and fourth-degree CSC offenses that the victims experienced were unwanted and unexpected touchings, which corresponded to the type of uncharged touching that MD detailed. Although the acts were not precisely the same, each constituted defendant's sexual advance against a young female who defendant supervised, and involved defendant's opportunistic assaults of teen females who knew and trusted him.

As noted, defendant makes no specific argument that other factors listed in *Watkins* render MD's other acts testimony inadmissible under MRE 403. Even if some of those factors could be viewed as weighing in favor of finding unfair prejudice, in total, the high probative value of the other acts evidence was not substantially outweighed by the danger of unfair prejudice. The other acts testimony of MD was probative of defendant's intent to engage in the charged conduct for a sexual purpose, and thus provided further evidence that defendant had a propensity to sexually assault female teenagers whom he supervised. There is no basis to conclude that the trial court abused its discretion by permitting MD's other acts testimony.

### III. SUFFICIENCY OF THE EVIDENCE

Defendant next argues that his convictions for first-degree, second-degree, and fourth-degree CSC relating to SL must be vacated because the prosecution failed to present sufficient evidence of force or coercion, an element common to all of the offenses. We disagree. When ascertaining whether sufficient evidence was presented at trial to support a conviction, we must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). "[A] reviewing court is required to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

"Force or coercion is not limited to physical violence but is instead determined in light of all the circumstances." *People v Brown*, 197 Mich App 448, 450; 495 NW2d 812 (1992) (citation omitted). MCL 750.520b does not provide an exhaustive list of circumstances of force or coercion. See MCL 750.520b(1)(f) ("[f]orce or coercion includes, but is not limited to . . . ."). Rather, coercion may take many forms; it "may be actual, direct, or positive, as where physical force is used to compel act against one's will, or implied, legal or constructive, as where one party is constrained by subjugation to other to do what his free will would refuse." *People v Premo*, 213 Mich App 406, 410-411; 540 NW2d 715 (1995), quoting *Black's Law Dictionary* (5th ed). Coercion can also exist where those in an authoritative position exploit the "special vulnerability" of those under their general control; the authoritative relationship between a defendant and a victim does not have to be formal. *People v Reid*, 233 Mich App 457, 471-472; 592 NW2d 767 (1999).

Viewed in a light most favorable to the prosecution, the evidence was sufficient to allow a rational trier of fact to find beyond a reasonable doubt that defendant was able to accomplish the sexual acts with SL by conduct that constituted implied, legal, or constructive coercion. Defendant was in a position of authority over SL as her employer on the horse farm. Over time, SL's working hours increased and she was working long hours nearly daily. Through his position, defendant controlled her work environment and was able to grant and withhold work privileges. He treated SL differently, including yelling at her less than he yelled at others. Defendant often initiated sexual contact when SL was isolated. While defendant made no specific threats, a reasonable jury could have concluded that threats were unnecessary. Evidence indicated that defendant knew that SL was vulnerable because of her love for horses and a desire to own a particular horse, Legs. SL was assigned to work with Legs when she first started working for defendant, and defendant later promised SL that Legs would be hers, and he would refer to Legs as her horse. Defendant would caution SL that if she was not at the farm as much as he wanted, Legs would be cared for and ridden by others, and she would no longer be needed on the farm. The evidence supported an inference that defendant manipulated SL by impliedly threatening to terminate her employment or take away the horse that he promised her if she did not do what he wanted. Defendant initially touched SL's buttocks and breasts, and subsequently grabbed her from behind and inserted his finger into her vagina. According to SL, this caused her to "fall apart." Defendant then escalated his abuse to sexual intercourse while driving SL

home late at night. SL testified that she was in shock, frightened, and was "not sure why it was happening." She also testified that defendant treated her differently after the allegations were disclosed. Viewed in a light most favorable to the prosecution, the evidence demonstrated SL's vulnerability and showed that defendant's acts against her were the product of an abuse of his authority, which he used to coerce her submission. Accordingly, there was sufficient evidence of force or coercion to support defendant's CSC convictions relating to SL.

## IV. SCORING OF OFFENSE VARIABLE 11

We agree with defendant's last argument that he is entitled to resentencing because the trial court erroneously scored offense variable (OV) 11 of the sentencing guidelines. When reviewing a trial court's scoring decision, the trial court's "factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v McDade*, 301 Mich App 343, 356; 836 NW2d 266 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

MCL 777.41(1)(a) directs a score of 50 points if "[t]wo or more criminal sexual penetrations occurred." In scoring OV 11, a trial court may not count a sexual penetration that formed the basis for the conviction, MCL 777.41(2)(c), but may score all other "sexual penetrations of the victim by the offender *arising out of the sentencing offense*." MCL 777.41(1)(a) (emphasis added). The phrase "arising out of" suggests "a causal connection between two events of a sort that is more than incidental." *People v Johnson*, 474 Mich 96, 100-101; 712 NW2d 703 (2006). "Something that 'aris[es] out of,' or springs from or results from something else, has a connective relationship, a cause and effect relationship, of more than an incidental sort with the event out of which it has arisin." *Id.* Accordingly, this standard requires more than the mere fact that the penetrations involved the same defendant and the same victim. See *id.* at 101-102. Multiple sexual penetrations of the victim by the offender extending beyond the sentencing offense may be scored in offense variables 12 or 13. MCL 777.41(2)(b).

In this case, the trial court relied on SL's trial testimony in scoring OV 11 at 50 points. Although SL testified that defendant engaged in sexual intercourse with her on numerous occasions, she did not testify that defendant engaged in more than one penetration during a single episode. Because there was no evidence that two or more sexual penetrations arose, sprung, or resulted from a single sentencing offense, i.e., from any one of the offenses resulting in a first-degree CSC conviction, the trial court erred in assessing 50 points for OV 11.

As defendant concedes, the evidence of his other sexual offenses may be used to assess 25 points for OV 13. MCL 777.43. The scoring adjustments to OV 11 and OV 13 result in a new reduction of 25 points, decreasing defendant's total OV score from 75 to 50 points. This scoring adjustment moves defendant from OV level IV (60 to 79 points) to OV level III (40 to 59 points), and lowers defendant's sentencing guidelines range from 108 to 180 months to 81 to 135 months. MCL 777.62. Because the scoring error affects the appropriate guidelines range, defendant is entitled to resentencing. *People v Francisco*, 474 Mich 82, 88-92; 711 NW2d 44 (2006).

Affirmed in part, vacated in part, and remanded for resentencing.  We do not retain jurisdiction.

/s/ Pat M. Donofrio
/s/ Stephen L. Borrello
/s/ Cynthia Diane Stephens