PEOPLE v BERLIN

Docket No. 157431. Submitted August 11, 1993, at Lansing. Decided
    October 19, 1993, at 9:30 A.M. Leave to appeal denied, 444 Mich
    —.

   Allen Berlin was charged in the 46th District Court with fourth-
       degree criminal sexual conduct after he allegedly placed the
       complainant's hand on his crotch. The court, Stephen C. Coo-
       per, J., refused to bind over the defendant for trial, ruling that
       the prosecution had failed to establish an actual application of
       physical force or physical violence to accomplish the sexual
       contact in light of evidence that the defendant did not forcibly
       move the complainant's hand and that the complainant did not
       resist. The Oakland Circuit Court, Robert C. Anderson, J.,
       denied the prosecution's delayed application for leave to appeal.
       The prosecution appealed in the Court of Appeals by leave
       granted.

       The Court of Appeals *held:*

       In view of the ordinary meaning of the words "force" and
       "coercion," and because the use of concealment or surprise in a
       sexual assault may constitute force or coercion for purposes of
       first-, second-, or third-degree criminal sexual conduct, but not
       fourth-degree criminal sexual conduct, the district court did not
       abuse its discretion in determining that force or coercion was
       absent in this case.

       Affirmed.

RAPE — FOURTH-DEGREE CRIMINAL SEXUAL CONDUCT — FORCE OR
    COERCION.

   Concealment or surprise in effectuating sexual contact does not
       constitute force or coercion necessary for conviction of fourth-
       degree criminal sexual conduct (MCL 750.520e[1][a]; MSA
       28.788[5][1][a]).

*Frank J. Kelley,* Attorney General, *Thomas L.*

REFERENCES
Am Jur 2d, Assault and Battery §§ 24, 29, 41.
See ALR Index under Criminal Law; Duress and Coercion; Sex and
    Sexual Matters.

*Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Mary M. Stiel,* Assistant Prosecuting Attorney, for the people.

*Harrison & Zacks* (by *David N. Zacks* and *Paul M. Newcomer*), for the defendant.

Before: Hood, P.J., and Cavanagh and R. J. Taylor,* JJ.

Per Curiam. The prosecutor appeals by leave granted from the Oakland Circuit Court's denial of the prosecutor's delayed application for leave to appeal. The prosecutor ultimately seeks to overturn the 46th District Court's refusal to bind defendant over on charges of fourth-degree criminal sexual conduct, MCL 750.520e(1)(a); MSA 28.788(5)(1)(a). We affirm.

Complainant had been a patient of the defendant, a seventy-three-year-old gynecologist, for about thirty years. At the preliminary examination, she testified that, following a postexamination consultation in the defendant's office, he hugged and kissed her as usual, but then took her hand and placed it on his crotch, over his clothes and lab coat. She realized that he was aroused and quickly removed her hand. Complainant was fully dressed at the time of the incident. She was the only witness to testify.

The prosecutor argues that this behavior constitutes fourth-degree criminal sexual conduct and that the district court abused its discretion in refusing to bind defendant over for trial. We disagree.

We note initially that, technically, the issue before us is whether the circuit court abused its

---

* Circuit judge, sitting on the Court of Appeals by assignment.

discretion in refusing to grant the prosecutor's delayed application for leave to appeal. However, it is clear from the record that the circuit court considered the merits of the prosecutor's appeal in deciding to deny leave. We will therefore decide whether the district court abused its discretion in finding insufficient evidence of force or coercion to bind defendant over for trial.

The section of the statute under which defendant was charged defines fourth-degree criminal sexual conduct as engaging in "sexual contact" with another person where "[f]orce or coercion is used to accomplish the sexual contact."[1] MCL 750.520e(1)(a); MSA 28.788(5)(1)(a). "Force or coercion includes but is not limited to any of the circumstances listed in section 520b(1)(f)(i) to (iv)." These circumstances are: (i) actual application of physical force or physical violence, (ii) threatening to use force or violence, (iii) threatening to retaliate in the future, and (iv) when the actor engages in the medical treatment or examination of the victim in a manner or for purposes that are medically recognized as unethical or unacceptable.[2] MCL 750.520b(1)(f)(i)-(iv); MSA 28.788(2)(f)(i)-(iv).

Here, the prosecutor claims that defendant's conduct constituted an actual application of physical force or physical violence and therefore it is covered by subsection a as a matter of law. The prosecution explains that it necessarily took some "physical force" to move the complainant's hand to defendant's crotch. We disagree.

---

[1] "Sexual contact" is defined as including the intentional touching of the clothing covering the actor's private parts if done for the purpose of sexual arousal or gratification. MCL 750.520a(k); MSA 28.788(1)(k). Neither defendant's intent nor the evidence introduced to prove intent are at issue in this case.

[2] Defendant was not charged under subsection iv, presumably because the incident did not occur during the actual medical examination.

Words used in a statute should normally be given their plain and ordinary meanings. MCL 8.3a; MSA 2.212(1). Further, where examples of what is included in a definition are given, the word is presumed to include only things of the same kind, class, character, or nature unless a contrary intent is evident. *Attorney General v Blue Cross & Blue Shield of Michigan,* 168 Mich App 372, 380-381; 424 NW2d 54 (1988).

As pointed out by the prosecutor, "force" is defined by *Webster's Third New International Dictionary,* Unabridged Edition (1964), as, among other things, "strength or energy esp. of an exceptional degree: active power: vigor" and is also defined as "power, violence, compulsion, or constraint exerted upon or against a person or thing." Similarly, the fifth edition of Black's Law Dictionary defines "power" as "[p]ower dynamically considered, that is, in motion or in action; constraining power, compulsion; strength directed to an end." Similarly, "coercion" is defined by Black's as "[c]ompulsion; constraint; compelling by force or arms or threat." *Webster's* defines "coercion" as "use of physical or moral force to compel to act or assent" and further defines "coerce" as "to restrain, control, or dominate, nullifying individual will or desire" and "to compel to an act or choice by force, threat, or other pressure."

This Court has found force or coercion where a defendant drove a thirteen-year-old complainant to a secluded park, ostensibly so she could baby-sit his children, and then touched her breasts, legs, stomach, and back, ignoring her request that he stop. *People v McGill,* 131 Mich App 465, 468-469; 346 NW2d 572 (1984). The Court found that, considering the disparity in age, size, and strength between the defendant and the victim, and considering the remote location, the defendant's behav-

ior was "sufficient to create a reasonable fear of dangerous consequences." *Id.* at 472, 474 (adopting the definition of force or coercion contained in CJI 20:5:3, now CJI2d 20.15).

In contrast, force or coercion was not found where a defendant placed his hand on the victim's crotch while she was sleeping and removed it when she awoke and rolled over to turn on the lights. *People v Patterson,* 428 Mich 502, 524-528; 410 NW2d 733 (1987). The Court found that "the Legislature did not intend the defendant's conduct to come within the definition of force or coercion in subsection (1)(a) of the fourth-degree criminal sexual conduct statute" because it "intended to treat sexual assaults accomplished by force or coercion separately from assaults on physically or mentally incapacitated victims," which is forbidden by MCL 750.520e(1)(b); MSA 28.788(5)(1)(b).[3] 428 Mich 525-527.[4]

The *Patterson* Court also noted that the Legislature deliberately omitted from the definition of force or coercion applicable to fourth-degree criminal sexual conduct those assaults that are accomplished "though concealment or by the element of surprise." *Id.* at 527. Such assaults, the Court

[3] The statute defines a physically helpless victim as including a person who is asleep. MCL 750.520a(i); MSA 28.788(1)(i).

[4] Force or coercion was found by a panel of this Court where the victim was drugged. *People v Malkowski,* 198 Mich App 610, 613; 499 NW2d 450 (1993). We note, however, that that finding is dicta because the panel vacated the count that required force and coercion, MCL 750.520b(1)(f); MSA 28.788(2)(1)(f), and affirmed only the count dealing with a helpless or mentally incapacitated victim, MCL 750.520b(1)(g); MSA 28.788(2)(1)(g), which does not require force or coercion. *Id.* at 612-613. Additionally, in light of *People v Patterson,* 428 Mich 502; 410 NW2d 733 (1987), discussed in the text of this opinion, we question the conclusion that taking advantage of a drugged victim can, *by itself,* constitute force or coercion. This is because a drugged victim is considered to be "mentally incapacitated," MCL 750.520a(g); MSA 28.788(1)(g), and abusing such a person is addressed in a separate subsection of the statute, MCL 750.520b(1)(g); MSA 28.788(2)(1)(g). See *Patterson, supra* at 526-527.

noted, constitute force or coercion for purposes of first-, second- and third-degree criminal sexual conduct only. *Id.*; see also MCL 750.520b(1)(f)(v); MSA 28.788(2)(1)(f)(v); MCL 750.520c(1)(d)(ii) and (f); MSA 28.788(3)(1)(d)(ii) and (f); MCL 750.520d(1) (b); MSA 28.788(4)(1)(b); but see MCL 750.520e(1) (a); MSA 28.788(5)(1)(a) (omitting subsection v from the definition of force or coercion). Thus, the Court declined to allow the prosecutor to satisfy the force or coercion requirement by proving concealment or surprise. See *Patterson, supra* at 527-528. Likewise, we must be careful not to nullify the Legislature's exclusion of the provision for concealment or surprise with an overly broad reading of the phrase "force or coercion."

Here, complainant testified that defendant "took" her hand and "placed it" on his crotch. She stated that he did not grab it or pull it and that he did not hurt her. She also testified that he did not resist at all when she pulled her hand away and that he did not threaten her.

In light of the ordinary meaning of the words "force or coercion," of the examples given in subsections i through iv of the statute, and of the *Patterson* Court's interpretation, we believe that the district court did not abuse its discretion in finding that the force or coercion required by the statute was absent in this case.[5] To hold otherwise would be to ignore the Legislature's exclusion of the concealment or surprise provision from the fourth-degree criminal sexual conduct statute.

Affirmed.

---

[5] We hasten to add that we do not hold that defendant's conduct was innocent. In fact, he may have committed, at least, simple battery, MCL 750.81; MSA 28.276. However, that issue is not before us.