PEOPLE v PREMO

Docket No. 175812. Submitted May 3, 1995, at Lansing. Decided
    September 15, 1995, at 9:05 A.M. Leave to appeal denied, 450
    Mich —.
    Phillip Premo was bound over to the Oakland Circuit Court on
    three counts of fourth-degree criminal sexual conduct. The
    charges arose out of three separate incidents in which the
    defendant, a high school teacher, pinched the buttocks of
    students. The defendant moved to quash the information on the
    basis that his pinching of the victims' buttocks did not involve
    force or coercion necessary to support a conviction of fourth-
    degree criminal sexual conduct. The court, Rudy J. Nichols, J.,
    denied the motion to quash, holding that the pinching did
    involve force sufficient to support a conviction pursuant to MCL
    750.520e(1)(a); MSA 28.788(5)(1)(a). The defendant appealed by
    leave granted.
       The Court of Appeals *held:*
       The force necessary for conviction pursuant to MCL
    750.520e(1)(a); MSA 28.788(5)(1)(a) includes the circumstances
    set forth in MCL 750.520b(1)(f); MSA 28.788(2)(1)(f), which
    provides that force or coercion includes the actual application
    of physical force. Force includes the exertion of strength or
    power upon an object. Because the act of pinching requires a
    person to exert strength or power on another person, pinching
    is sufficient to constitute the force necessary to support a
    conviction of fourth-degree criminal sexual conduct. Further,
    because of his position as a teacher, the defendant was in a
    position of authority relative to the victims, and, therefore,
    even if the pinching did not satisfy the force requirement, the
    defendant's behavior under the circumstances amounted to
    coercion within the meaning of MCL 750.520e(1)(a); MSA
    28.788(5)(1)(a).
       Affirmed.

CRIMINAL LAW — FOURTH-DEGREE CRIMINAL SEXUAL CONDUCT —
    FORCE — PINCHING.
    The act of pinching a victim's buttocks is sufficient to constitute

REFERENCES
Am Jur 2d, Assault and Battery § 41.
See ALR Index under Buttocks; Force and Violence; Sex and Sexual
    Matters.

the force necessary to support a conviction of fourth-degree criminal sexual conduct (MCL 750.520e[1][a]; MSA 28.788[5][1] [a]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, for *Janice A. Kabodian,* Assistant Prosecuting Attorney, for the people.

*Cardelli, Schaefer & Mason, P.C.* (by *Deborah A. Hebert*) and *Richard Beemer,* for the defendant.

Before: MURPHY, P.J., and JANSEN and R. L. KACZMAREK,* JJ.

MURPHY, P.J. Defendant appeals by leave granted from a circuit court order denying his motion to quash three charges of fourth-degree criminal sexual conduct, MCL 750.520e(1)(a); MSA 28.788(5)(1)(a). We affirm.

The charges arose out of three separate incidents involving three different women. At the time of the incidents, defendant was a teacher at Ferndale High School, and the victims were students. The victims testified at the preliminary examination that defendant pinched their buttocks while they were on the premises of Ferndale High School. Defendant contends that pinching the victims' buttocks is insufficient to satisfy the requirement that force or coercion be used to accomplish sexual contact, MCL 750.520e(1)(a); MSA 28.788(5) (1)(a), and that the circuit court therefore erred in denying his motion to quash the charges.

The circuit court denied defendant's motion to quash on the ground that, as a matter of law, defendant's conduct satisfied the force requirement of MCL 750.520e(1)(a); MSA 28.788(5)(1)(a). Appellate courts review questions of law for error. *Peo-*

* Circuit judge, sitting on the Court of Appeals by assignment.

*ple v Thomas,* 438 Mich 448, 452; 475 NW2d 288 (1991). Therefore, we review the circuit court's denial of defendant's motion to quash for error. *Id.* We hold that defendant's conduct in this case constitutes both force and coercion under MCL 750.520e(1)(a); MSA 28.788(5)(1)(a), and that the circuit court therefore did not err in denying defendant's motion to quash the charges.

MCL 750.520e; MSA 28.788(5) provides:

> (1) A person is guilty of criminal sexual conduct in the fourth degree if he or she engages in sexual contact with another person and if any of the following circumstances exists:
> (a) Force or coercion is used to accomplish the sexual contact. Force or coercion includes but is not limited to any of the circumstances listed in section 520b(1)(f)(i) to (iv).

The circumstances that subsection 1(a) refers to are enumerated in the section of the statute setting forth the elements of the crime of first-degree criminal sexual conduct, MCL 750.520b(1)(f)(i)-(iv); MSA 28.788(2)(1)(f)(i)-(iv), which provides:

> Force or coercion includes but is not limited to any of the following circumstances:
> (i) When the actor overcomes the victim through the actual application of physical force or physical violence.
> (ii) When the actor coerces the victim to submit by threatening to use force or violence on the victim, and the victim believes that the actor has the present ability to execute these threats.
> (iii) When the actor coerces the victim to submit by threatening to retaliate in the future against the victim, or any other person, and the victim believes that the actor has the ability to execute this threat. As used in this subdivision, "to retaliate" includes threats of physical punishment, kidnapping, or extortion.

(iv) When the actor engages in the medical treatment or examination of the victim in a manner or for purposes which are medically recognized as unethical or unacceptable.

The circuit court did not err in concluding that defendant's conduct constituted force under MCL 750.520e(1)(a); MSA 28.788(5)(1)(a). Defendant's pinching of the victims' buttocks satisfies the force element of the statute because the act of pinching requires "the actual application of physical force." MCL 750.520b(1)(f)(i); MSA 28.788(2)(1)(f)(i). The definition of the term "force" includes, among other things, "strength or power exerted upon an object." *The Random House College Dictionary: Revised Edition,* 515. We believe that the act of pinching is an act of physical force because it requires a person to exert strength or power on another person.[1] Accordingly, contrary to defendant's argument, the act of pinching is sufficient to constitute force under MCL 750.520e(1)(a); MSA 28.788(5)(1)(a).

Defendant relies on this Court's holding in *People v Berlin,* 202 Mich App 221; 507 NW2d 816 (1993), in support of his contention that the force or coercion required by the statute is absent in this case. In *Berlin,* a panel of this Court held that the force or coercion requirement was not satisfied where the defendant merely "took [the victim's] hand and placed it on his crotch." *Id.,* 222. We are troubled by the conclusion reached by the Court in *Berlin* on the basis of the reported facts presented in the opinion, but because we find *Berlin* to be distinguishable from this case we need not resolve this concern. The instant case involves defendant

[1] A person can be an object. Object is defined, among other things, as "a thing, person, or matter to which thought or action is directed." *The Random House College Dictionary: Revised Edition,* 916.

actively pinching the victims. This fact alone is sufficient to distinguish this case from *Berlin.* Furthermore, while it was observed in *Berlin* that the Legislature deliberately omitted from the definition of force or coercion applicable to fourth-degree criminal sexual conduct those assaults that are accomplished through concealment or by the element of surprise, *id.,* 225, whether there was surprise or concealment is not at issue in this case because, by pinching the victims' buttocks, defendant actually applied physical force to the victims. This application of physical force was sufficient to constitute force, MCL 750.520b(1)(f)(i); MSA 28.788(2)(1) (f)(i), without regard to whether it was accomplished by concealment or surprise.

As an alternative basis to affirm the circuit court's denial of defendant's motion to quash, we also conclude that defendant's conduct constituted coercion under MCL 750.520e(1)(a); MSA 28.788(5) (1)(a). The district court determined that defendant's actions constituted coercion because defendant was in a position of authority over his victims. Apparently, the district court considered defendant to be in a position of authority because he was a teacher and the victims were students. Although the circuit court did not address whether defendant's conduct constitutes coercion, we conclude that it does. Defendant's conduct was not included in the enumerated examples of coercion in MCL 750.520b(1)(f)(i)-(iv); MSA 28.788(2)(1)(f)(i)-(iv). However, the Legislature did not limit the definition of force or coercion to the enumerated examples in the statute. MCL 750.520e(1)(a); MSA 28.788(5)(1)(a). Furthermore, the existence of force or coercion is to be determined in light of all the circumstances and is not limited to acts of physical violence. *People v Malkowski,* 198 Mich App 610, 613; 499 NW2d 450 (1993). Coercion

> may be actual, direct, or positive, as where physical force is used to compel act against one's will, or implied, legal or constructive, as where one party is constrained by subjugation to other to do what his free will would refuse. [Black's Law Dictionary (5th ed), 234.]

We believe that defendant's actions constituted implied, legal, or constructive coercion because, as a teacher, defendant was in a position of authority over the student victims and the incidents occurred on school property. Defendant's conduct was unprofessional, irresponsible, and an abuse of his authority as a teacher. Accordingly, we conclude that defendant's conduct in this case is sufficient to constitute coercion under MCL 750.520e(1)(a); MSA 28.788(5)(1)(a).

Because defendant's conduct constituted both force and coercion under MCL 750.520e(1)(a); MSA 28.788(5)(1)(a), the circuit court did not err in denying defendant's motion to quash the charges.

Affirmed.