Manchester Family Division
No. 2011-245

IN RE D.B.

Argued: January 18, 2012
Resubmitted: July 20, 2012
Opinion Issued: August 14, 2012

*Michael A. Delaney*, attorney general (*Nicholas Cort*, assistant attorney general, on the brief and orally), for the State.

*Dorothy E. Graham*, assistant appellate defender, of Concord, on the brief and orally, for the juvenile.

CONBOY, J. The juvenile, D.B., appeals the Manchester Family Division's (*Emery*, J.) finding of delinquency based upon a petition alleging misdemeanor sexual assault. *See* RSA 632-A:4, I (Supp. 2011). He argues that there was insufficient evidence for the trial court to find that he committed sexual assault against the complainant pursuant to the variant charged. *See* RSA 632-A:2, I(a) (2007). We reverse.

The record supports the following facts. In May 2010, the juvenile and the complainant, also a juvenile, regularly rode the school bus together. On May 19, the juvenile sat next to the complainant on the bus ride home. The complainant testified that during the ride, the juvenile put his hand down her shirt and touched her breasts. She further stated that he put his hand down her pants and "ran it" down to her ankle. The complainant repeatedly told the juvenile to stop, but he did not. She testified that, immediately after the incident, the juvenile told her, "[I]f you tell anyone, I'll rape you every single month til we get pregnant and I'll hurt your little brother."

A week later, the complainant reported the incident to a guidance counselor. The juvenile was charged with misdemeanor sexual assault, *see* RSA 632-A:4, I(a), and witness tampering, *see* RSA 641:5 (2007). The sexual assault petition alleged that the juvenile "[d]id commit the crime of sexual assault in that he purposefully subjected [the complainant] (15 years old) to sexual contact without her consent by squeezing her breasts and touching her nipples with his hand by overcoming the victim through the actual application of physical force."

The complainant wrote a statement describing the incident and provided it to the police. Although the statement was not admitted into evidence at trial, the complainant agreed, in response to questioning, that in the statement she wrote that when the juvenile reached underneath her clothes, he "squeezed and rubbed" her breasts, and "touched [her] privates and . . . rubbed them." She also agreed that in her statement, she described the juvenile's conduct as "hurting" her and being "rough."

In addition to the complainant's testimony, the State presented at trial a surveillance video of the May 19 bus ride. The complainant testified that she did not alert other students on the bus at the time of the incident because she "did not want to get in trouble," "did not want other people to know," and "was in shock."

At the close of the State's case, and at the end of the trial, the juvenile moved to dismiss the sexual assault charge for lack of sufficient evidence. Subsequently, the trial court found the juvenile delinquent on both charges. On appeal, the juvenile challenges only the sexual assault delinquency finding.

The juvenile argues that "[t]he evidence did not justify a rational trier of fact in finding beyond a reasonable doubt that [he] sexually assaulted" the

complainant because it failed to demonstrate that he "overcame" her "through the actual application of physical force." He further argues that "[t]he evidence . . . failed to prove that he acted with the purpose of sexual arousal or gratification."

██ In challenging the sufficiency of the evidence, the juvenile must "prove that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt." *State v. Oakes*, 161 N.H. 270, 275 (2010) (quotation omitted). We will consider the entire trial record because the juvenile chose to present a case after unsuccessfully moving to dismiss the petitions. *Id.* at 276.

The juvenile first argues that the State failed "to prove that [he] overcame [the complainant] with the actual application of physical force." He contends that the State was required to prove that he exerted physical force apart from that inherent in the sexual contact itself. His argument focuses on the phrase "overcomes the victim through the actual application of physical force," RSA 632-A:2, I(a), and, more specifically, on the term "overcomes" as used in the statute. The State argues that the statute does not require application of force greater than that inherent in the act itself. In the alternative, the State contends that the juvenile used more force than that involved in the act itself, thereby satisfying either construction of the statute.

When construing a statute, "we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole." *In re Alex C.*, 161 N.H. 231, 235 (2010) (quotation omitted). "We first examine the language of the statute, and, where possible, we apply the plain and ordinary meanings to the words used." *Id.* (quotation omitted). We review matters of statutory construction *de novo* and consider the words and phrases of the statute within the context of the statute as a whole. *Id.* "We construe provisions of the Criminal Code 'according to the fair import of their terms and to promote justice.'" *Id.* (quoting RSA 625:3 (2007)).

Under the charged variant of misdemeanor sexual assault, a person is guilty when he "subjects another person who is 13 years of age or older to sexual contact" and "overcomes the victim through the actual application of physical force, physical violence or superior physical strength." RSA 632-A:4, I(a); RSA 632-A:2, I(a). "Sexual contact" is defined as "the intentional touching whether directly, through clothing, or otherwise, of the victim's or actor's sexual or intimate parts, including emissions, tongue, anus, breasts, and buttocks," and includes only the "aforementioned conduct which can be reasonably construed as being for the purpose of sexual arousal or gratification." RSA 632-A:1, IV (Supp. 2011).

The statute does not set forth the degree of force required to demonstrate that a person "overcomes the victim through the actual application of physical force." RSA 632-A:2, I(a). Neither does it define the term "overcomes." The general meaning of the term is twofold: it can either mean "to get the better of: SURMOUNT, CONQUER, SUBDUE," WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1607 (unabridged ed. 2002), or "to affect or influence so strongly as to make physically helpless or emotionally distraught . . . : OVERPOWER, OVERWHELM." *Id.* Both understandings of the word thus share the connotation "to defeat." As to either understanding of the word, under the plain language of the statutory variant charged here, the actor must "overcome[] the victim through the actual application of physical force, physical violence or superior physical strength." RSA 632-A:2, I(a). Indeed, RSA 632-A:2, I(a) is the only variant under RSA 632-A:2 that requires "the actual application of physical force." *See* RSA 632-A:2 (Supp. 2011).

The State relies upon *People v. Premo*, 540 N.W.2d 715 (Mich. Ct. App. 1995), in arguing that our statute requires no greater application of force than that necessary to perform the sexual contact itself. However, in concluding that the defendant's pinching of the victim's buttocks "satisfie[d] the *force* element" of Michigan's statute, which is broader in scope than ours, the court did not address the statute's "overcoming" requirement. *Premo*, 540 N.W.2d at 716-17 (emphasis added). Thus, *Premo* is not on point.

The juvenile cites *State v. Simpson*, 133 N.H. 704 (1990), as well as cases from other jurisdictions, in support of his argument that, to "overcome by physical force," the actor must use physical force apart from that inherent in the sexual contact. In *Simpson*, we held that the evidence was sufficient to find the defendant guilty of aggravated felonious sexual assault under RSA 632-A:2, I(a) where the victim testified that the defendant fondled her breasts and sexually penetrated "her while physically holding her down." *Simpson*, 133 N.H. at 706. Although *Simpson* does not establish the parameters for the amount of force required to show that a victim was overcome by force, we agree that to sustain a sexual assault charge under RSA 632-A:2, I(a), the evidence must show that the actor applied some degree of force greater than that inherent in the sexual act itself. *Cf. State v. Marshall*, 253 P.3d 1017, 1028 (Or. 2011) (determining "that, when the state elects to prove the 'forcible compulsion' element of a charge of first-degree sexual abuse by evidence of physical force, it must show that the physical force that the defendant used was greater in degree or different in kind from the simple movement and contact that is inherent in the act of touching the intimate part of another" and the force "was sufficient to compel the victim to submit to or engage in the sexual contact,

against the victim's will"); *State v. Lynch*, 19 A.3d 51, 57 (R.I. 2011) (stating that "to prove first-degree sexual assault by force or coercion . . . 'proof of force beyond that which is used in the consummation of the act is required' ").

To read the statute as requiring no greater force than that inherent in the sexual contact itself would make this variant applicable to any and all sexual assault allegations, essentially rendering meaningless the "physical force" and "overcoming" requirements. This we decline to do. *Cf. State v. McDonald*, 163 N.H. 115, 127-28 (2011) (declining to construe the term "forcible sex offense" to mean *any* aggravated felonious sexual assault because to do so would render the term meaningless and require the court to insert language the legislature did not see fit to include). Therefore, the legislature's use of the phrase "overcomes the victim through the actual application of physical force" in RSA 632-A:2, I(a) means that the State must prove the use of *actual physical force*, and not simply lack of consent, to support a delinquency finding under this variant. The State is not required, however, to prove that the victim resisted. The legislature did not require a sexual assault victim to resist and we will not "add language [to the statute] that the legislature did not see fit to include." *Id.* at 126 (quotation omitted).

Here, the complainant's direct testimony indicated that the juvenile put his hand down her shirt and touched her breasts. She further stated that the juvenile put his hand down her pants and "ran it" down to her ankle. This evidence, however, fails to describe in what way the juvenile overcame her with the actual application of physical force. Nor does the surveillance video support the State's position. In fact, the video shows no movement consistent with the juvenile engaging in any conduct that can be characterized as overcoming the complainant through the actual application of physical force.

To the extent that the complainant's testimony regarding her prior statement can be considered as substantive evidence, it is also insufficient to support a conviction in this case. The complainant indicated in her statement that the juvenile "squeezed and rubbed" her breasts, and "touched [her] privates and . . . rubbed them" despite her telling him to stop. Although these descriptions may have supported a finding that the sexual contact was not consented to, they are not sufficient to support a finding that the juvenile overcame her by the actual application of physical force. *Cf. Com. v. Berkowitz*, 641 A.2d 1161, 1164 (Pa. 1994) (finding that the complainant's testimony that she stated "no" throughout the incident with the defendant "would be relevant to the issue of consent" but "not . . . to the

issue of force"). In her statement, the complainant also reported that the juvenile's conduct was "rough" and "hurting" her. However, rough, hurtful conduct is not, standing alone, among the circumstances the legislature has enumerated as a basis for a sexual assault conviction. Therefore, such evidence is insufficient to support a finding that the complainant was *overcome* by the application of physical force.

■ We have previously determined that each of the statutory variants of sexual assault listed under RSA 632-A:2, I, "requires proof of an element or elements the others do not." *State v. Nickles*, 144 N.H. 673, 678 (2000) (quotation omitted). The delinquency petition, equivalent to an indictment for the purposes of our analysis, *see In re Nathan L.*, 146 N.H. 614, 617 (2001), charged the "overcoming by physical force" variant of sexual assault. Even if the evidence may have been sufficient to establish one of the other variants of sexual assault, *see* RSA 632-A:2, I(m) (when victim indicates consent is not freely given), considering all of the evidence and all reasonable inferences to be drawn from it in the light most favorable to the State, we conclude that no rational trier of fact could have found beyond a reasonable doubt that the juvenile committed misdemeanor sexual assault within the meaning of RSA 632-A:2, I(a), as charged under RSA 632-A:4 in the petition. Because no rational trier of fact could have found that the juvenile "overc[ame] the victim through the actual application of physical force, physical violence or superior physical strength," RSA 632-A:2, I(a), we reverse the trial court's finding of true. *Cf. State v. Ramos*, 149 N.H. 272, 276 (2003) (failure to prove an element of the particular variant charged requires acquittal).

In light of our ruling on the juvenile's first argument, we do not reach the juvenile's second argument that the State failed to produce sufficient evidence for a reasonable trier of fact to find that his conduct was for the purpose of sexual arousal or gratification.

*Reversed.*

DALIANIS, C.J., and HICKS, LYNN and BASSETT, JJ., concurred.